## JOHN MEIRS v. JOSEPH BUSSOM.

1. Where a justice of the peace has been ruled to return whether a certain motion was made in the course of a trial before him in the court for the trial of small causes, and has certified that no such motion was made at any time, recourse cannot be had to affidavits for the purpose of contradicting him.

2. A judgment in the small cause court, entered in figurés instead of in words at length, is, unless amended, reversible for error. It may, however, be amended by the court below. Practice in such cases.

On *certiorari.*

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *Edwin G. C. Bleakly.*

For the defendant, *Woodbury D. Holt.*

The opinion of the court was delivered by

GARRISON, J.   The first reason assigned by the prosecutor of this writ of *certiorari* for the reversal of the judgment given against him in the court for the trial of small causes is that the "justice refused the defendant a trial by jury, although demanded before the merits of the cause had been inquired into by anyone being sworn in the cause."

The return of the justice, in so far as it relates to the demand for a jury, is in these words: "He [defendant] asked for an adjournment for two weeks, but I saw nothing that he said sufficient in what he said to grant it.  He *said* he had asked for a jury, but I did not understand it so."  It failing by this return to appear that a jury had been demanded, a rule was allowed directing the justice to certify "whether the said John Meirs did not demand a trial by jury before the merits of the case had been inquired into by anyone being sworn in the case."  To this rule the justice returned that

" the said John Meirs did not demand a trial by jury at any time." This return being fatal to the position of the prosecutor, he now contends that it is not conclusive and that he is entitled to a rule to take affidavits to contradict it. The established practice, however, is the other way. *South Brunswick* v. *Cranbury*, 23 *Vroom* 298.

The distinction drawn by the prosecutor between the practice in respect to matters of evidence during a trial and motions which if granted would affect jurisdiction or alter the mode of trial, is without substance. The practice is the same. The invariable rule is that recourse may not be had to affidavits where the justice has, in response to a rule of this court, returned what the fact was. *Scott* v. *Beatty*, 3. *Zab.* 256 ; *Moore* v. *Hamilton*, 4 *Id.* 532.

Failing to raise this question, the prosecutor asks for the reversal of the judgment because the return shows that it is entered in figures and not in words at length. It is true that, in connection with the second return, the judgment appears in words at length. Inasmuch as the justice was not ruled to make any return in that respect, it forms no part of the case. *Moore* v. *Hamilton, supra.*

Regarding the judgment as entered in figures, it is, according to a long line of cases, reversible by this court in *certiorari*. *Cole* v. *Petty, Penn.* 60 ; *Walton* v. *Vanderhoff, Id.* 73 ; *Newcomb* v. *Davis, Id.* 82 ; *Stout* v. *Hoppiny*, 1 *Halst.* 125.

Being thus a matter of substance, and not a mere misprision or clerical error, it cannot be amended by this court. The error is in the record as it exists. It is, however, the practice in proper cases, after error brought, for this court to grant opportunity to the court below to amend its record where the error consists in the mere form of making it. *Apgar* v. *Hiler*, 4 *Zab.* 808 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey*, 9 *Vroom* 525.

Upon the motion of the defendant in *certiorari*, the record may be remitted to the justice for amendment in the particular under consideration.