HARRY M. HARMAN, PROSECUTOR, v. THE BOARD OF PHARMACY OF THE STATE OF NEW JERSEY.

Argued November 6, 1901—Decided December 6, 1901.

1. The jurisdiction conferred upon a justice of the peace in suits for a penalty under the act entitled "An act to regulate the practice of pharmacy in this state," approved March 19th, 1901, is to be exercised by such justice as a judge of the Court for the Trial of Small Causes, and not as a common law magistrate.

2. In such suits the defendant is entitled to a trial by jury and the refusal to grant one, after a timely demand therefor, is error.

3. If the justice proceeds with the case after such demand and refusal he is without jurisdiction, and his judgment will be set aside on *certiorari.*

On *certiorari* to Justice's Court.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *George H. Large.*

For the defendant, *George E. Clymer.*

The opinion of the court was delivered by

FORT, J.   This is a suit to recover a penalty under the act entitled "An act to regulate the practice of pharmacy in this state," approved March 19th, 1901. *Pamph. L., p.* 85.

The return shows that the proceedings were brought in the Court for the Trial of Small Causes.   It is contended that this is error, and that the proceeding should have been before a justice of the peace as a common law magistrate.

We cannot so construe this statute.   We think that the proceeding was rightly brought in the Court for the Trial of Small Causes.

The statute reads as follows: "Any person who shall violate any of the provisions of this act shall forfeit and pay for each and every offence the sum of one hundred dollars (together with costs) as a penalty therefor; to be sued for and recovered by and in the name of the 'board of pharmacy of the State of New Jersey.' * * * Any justice of the peace in the county or any District Court in the city, where the offence shall have been committed, under any section of this act, shall have authority and jurisdiction to hear and determine said action, and to render judgment therein, with costs, according to the laws and practice governing said courts in similar actions," &c.   *Pamph. L.* 1901, *p.* 90, §§ 7, 8.

The penalty here provided for is to be recovered by a suit in a court not before a magistrate.   This must be so as to the District Court, and it is equally clear that it was intended that the justice of the peace, sitting in such cases, should sit in the Court for the Trial of Small Causes—the only "court" which that official holds.   The language of this statute is much the same as that passed upon by this court in *Pennsylvania Rail-*

*road Co.* v. *New Jersey Society, &c.,* 10 *Vroom* 400, and should receive the same construction as there given. *White* v. *Neptune City,* 27 *Id.* 222.

The action was properly commenced by a summons, duly served under the Small Cause act, and by a state of demand filed in that court stating the plaintiff's cause of action.

This finding makes it necessary to consider only one other objection found in the record. The justice refused a demand for a trial by jury, and proceeded to the trial of the cause before himself without a jury. This was error. The defendant is entitled to a trial by jury under the "Act for the trial of small causes in cases triable in that court." *Gen. Stat., p.* 1871, § 33.

The justice had no jurisdiction to try the case without a jury, a timely demand for one having been made. *Cary* v. *Forsyth, Pen.* \*432; *Meirs* v. *Bussom,* 28 *Vroom* 383.

The conviction is set aside, with costs.