ROWLAND H. MACKENZIE, DEFENDANT IN CERTIORARI, v. EDWARD L. GILBERT, PLAINTIFF IN CERTIORARI.

Argued November 5, 1902—Decided February 24, 1903.

1. The right to a trial by jury cannot be denied to a defendant in Justices' Courts, who makes seasonable application therefor, because of his refusal to prepay the costs of the jury.
2. A judgment obtained before the justice, after such refusal, is invalid for want of jurisdiction.

---

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Warren Dixon.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review a judgment of the court for the trial of small causes in the county of Bergen.

The only ground alleged for reversal is that the defendant was refused a trial by jury, although the same was duly demanded at the trial. The transcript shows that on the first adjourned day "the parties appeared; defendant demanded a jury and refused to pay for the same, whereupon the court refused to call a jury. Defendant then moved to dismiss the case. The court refused and proceeded to trial."

There is no provision in the act under which Justices' Courts are established making the prepayment of the costs of a jury a prerequisite to the right of trial by jury guaranteed in our constitution.

It was decided by this court in the case of *Clayton* v. *Clark,* 26 *Vroom* 539, that in an action brought in the District Court, when the matter in dispute is above the sum of $200, a demand for a jury made by the defendant at the proper time deprives the court of jurisdiction to try the cause otherwise than by jury. It was further held that such a demand gives the defendant the right to a trial by jury without prepayment of costs, or to have the action against him dismissed. The early cases show that this court has ever carefully guarded the right to trial by jury, even in the small cause courts. *Carey* v. *Forsyth, Pen.* 432; *Moslander* v. *Hays, Id.* 161; *Daniels* v. *Scott, 7 Halst.* 27.

The principles enunciated in *Clayton* v. *Clark, ubi. supra,* should, we think, have application to Justices' Courts, the jurisdiction of which has been enlarged to the sum of $200.

The result is that for the error complained of the judgment below will be reversed, with costs.