## NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS v. REUBEN WILBUR, Sr.

Submitted March 12, 1908—Decided June 8, 1908.

1. The timely demand by a defendant in a justice's court for a jury cannot lawfully be denied because of his refusal to advance the venire fees.
2. After such a denial the justice is without jurisdiction to hear the case and to his judgment *certiorari* will lie.

On *certiorari*.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *R. Ten Broeck Stout.*

For the defendant, *Halsted H. Wainright.*

The opinion of the court was delivered by

GARRISON, J. The prosecutor was convicted before a justice of the peace in a proceeding taken under the thirteenth section of the Cruelty to Animals act. *Gen. Stat., p.* 36. The complaint was sufficient to confer jurisdiction, but it is contended by the prosecutor that the justice lost jurisdiction by his denial of the demand for a jury made by the prosecutor at the proper stage of the proceedings. The denial was placed by the justice upon either of two grounds—*first,* the refusal of the demandant to advance the venire fees, and *second,* that the cause was not triable by jury.

Neither of these attempted justifications can be sustained. The first is directly opposed to the rule laid down in this court in the case of *McKenzie* v. *Gilbert,* 40 *Vroom* 184, and the second is also directly ruled by *Harman* v. *Board of Pharmacy,* 38 *Id.* 117. These cases also decide that after such a denial the justice is without jurisdiction to try the cause without a jury. *Cary* v. *Forsyth, Penn.* *432; *Meirs* v. *Bussom,* 28 *Vroom* 383.

In view of the rule thus established in this court it is unnecessary for us to consider, as if it were a novel question, whether in such cases *certiorari* will lie. Upon the authority of the cases cited *certiorari* is the proper remedy. The judgment of the justice in the present case is reversed.