JACOB ROSEN, PROSECUTOR, v. NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, LOYAL N. BOHANNAN, DEFENDANT IN CERTIORARI.

Argued June Term, 1911—Decided November 13, 1911.

A conviction under section 11 of "An act for the prevention of cruelty to animals," approved March 11th, 1880 (*Gen. Stat.*, p. 40), can be had for general violations of said act only when such violations occur in the presence of the persons or officers named in the amendment to said act approved March 16th, 1893 (*Pamph. L.*, p. 361; *Gen. Stat.*, p. 41), and the arrest shall have been made without warrant by one of such persons or officers.

On *certiorari.*

Before Justice VOORHEES.

For the prosecutor, *Thomas V. Arrowsmith.*

For the defendant in *certiorari, Halsted H. Wainright.*

The opinion of the court was delivered by

VOORHEES, J. This *certiorari* has been brought on for hearing under the statute before a single justice.

It removes proceedings had before a justice of the peace to whom an agent for the Society for the Prevention of Cruelty to Animals made complaint, upon oath, that the defendant, Jacob Rosen, "did cruelly torture and torment a horse and * * * did inflict unnecessary cruelty upon said horse by driving said horse hitched to a delivery wagon, while said horse was suffering from a large gall sore upon the back, raw and bleeding, upon which the harness pressed, causing the horse pain and suffering," and "thereby did violate 'An act for the prevention of cruelty to animals,' and the supplements and amendments thereto, approved March 11th, 1880."

The justice thereupon endorsed upon said complaint an order for a warrant, in the words set out in the fourteenth section of the above-mentioned act (*Pamph. L.* 1880, *p.* 212; *Gen. Stat., p.* 40), and a warrant was accordingly issued.

The return to the writ of *certiorari* shows that the defendant was arrested, and being in custody, his attorney demanded "a trial by jury and offered to pay the costs of the same, claiming that there had been no summary arrest."

This motion was denied and the justice proceeded to swear and hear the witnesses. The defendant refused to take any part in the hearing, asserting that he had been denied the right of trial by jury. The justice thereupon found the defendant guilty and adjudged that he pay a fine of fifteen dollars ($15) and costs.

One of the reasons filed by the prosecutor for reversal is that the justice of the peace lost jurisdiction because he refused to allow the defendant a trial by jury.

There can be no doubt that a proceeding, under the thirteenth section of the act of 1880 (*Gen. Stat., p.* 36), is a prosecution to recover a penalty wherein the defendant is entitled to a jury trial. *New Jersey Society* v. *Wilbur,* 47 *Vroom* 266; *New Jersey Society* v. *Atkinson, Id.* 286.

The prosecutor, however, insists that the prosecution was really under the eleventh section of the act (*Gen. Stat., p.* 35), and therefore is a summary proceeding in which the defendant is not entitled to a jury. This section originally gave power to certain officers to enter any place or building where there is an exhibition of fighting or baiting of certain animals or where preparations are being made for such exhibition, and without warrant to arrest all persons present and take possession of all animals engaged in fighting or there found and all implements and appliances, and thereupon take such persons before the nearest magistrate who may adjudge the persons to forfeit and pay a sum not exceeding $100. By amendment (*Pamph. L.* 1893, *p.* 361; *Gen. Stat., p.* 41), any member, officer or agent of the New Jersey Society for the Prevention of Cruelty to Animals, and certain other officers, are given power to arrest, without warrant, any person found violating that act *in the presence* of such officer and take him before the nearest magistrate, to be proceeded against as provided for in section 11 of the act.

Without deciding whether there is a distinction to be made between section 13, which contemplates an action for a penalty to be recovered in an action of debt, in the name of the society, and section 11, which provides that when the amount has been adjudged as a forfeiture, the person or persons arrested shall be imprisoned and kept in custody until the amount and costs are paid, whereby proceedings under the latter might be deemed to be summary (*Marler* v. *Repp,* 51 *Vroom* 530), it is manifest, that in this case the member of the society who made the complaint did not arrest without warrant; that the arrest was in fact by a constable, by virtue of a warrant issued after complaint had been made, and that such violation did not occur in the presence of the officer.

A conviction under section 11 can be had for general viola-

tions of said act, only when such violations occur in the presence of the persons or officers named in the amendment of 1893 above referred to, and the arrest shall have been made without warrant by one of such persons or officers.

The supplement approved March 31st, 1902 (*Pamph. L., p. 224*), does not conflict with this view. It empowers certain persons to arrest "offenders found violating" the act, and although this may mean that such violations must occur in the presence of the persons thus authorized to make arrests, yet it does not limit by its terms the proceedings to the eleventh section of the act. The inference from the proviso in the supplement, on the contrary, is that the prosecution shall be by the society in localities where the state society or a district society exists, and hence that a suit to recover a penalty is meant.

It is clear that the proceedings in this case were intended to be prosecuted, and were in fact taken under section 13 of the act, and therefore that the denial of a jury trial by the magistrate terminated his jurisdiction over the subject-matter.

The conviction must therefore be set aside, with costs.