ERICK THOMAE, PROSECUTOR, v. ALBERT P. CAIN.

Submitted December 6, 1912—Decided April 4, 1913.

1. The timely demand for a jury made by a defendant in a proceeding in a justice's court under sections 26, 27 and 28 of "An act for the settlement and relief of the poor" (*Pamph. L.* 1911, *p.* 390), cannot lawfully be denied because of his refusal to advance the *venire* fees.
2. After the denial of a timely demand for a jury made by a defendant in a proceeding in a justice's court under sections 26, 27 and 28 of "An act for the settlement and relief of the poor" (*Pamph. L.* 1911, *p.* 390), the justice is without jurisdiction to hear the case and to his judgment *certiorari* will lie.

On *certiorari*.

Before Justices Trenchard, Parker and Minturn.

For the prosecutor, *Anthony R. Finelli*.

The opinion of the court was delivered by

Trenchard, J. The prosecutor was convicted before a justice of the peace in a proceeding taken under sections 26, 27 and 28 of "An act for the settlement and relief of the poor." *Pamph. L.* 1911, *p.* 390.

Section 29 of the act provides that "at any time previous to the hearing of the complaint in the last two sections mentioned, either party may demand a trial by jury, whereupon said magistrate shall issue a *venire facias* to summon a jury of twelve men competent as jurymen to try said complaint."

The prosecutor made timely demand for a jury, which was denied by the justice because of the refusal of demandant to advance the *venire* fees. That was erroneous. *N. J. Society P. C. A.* v. *Wilbur*, 47 *Vroom* 266; *MacKenzie* v. *Gilbert*, 40 *Id.* 184.

After such a denial the justice was without jurisdiction to try the case without a jury, and to his judgment *certiorari*

will lie. *N. J. Society P. C. A.* v. *Wilbur, supra; MacKenzie* v. *Gilbert, supra.*

The conviction will be reversed, with costs.