DANAHY, Acting Chief Judge.
In this Anders[1] appeal, appellate counsel suggests four issues for review and the appellant by a pro se brief suggests two more issues.
After careful consideration, we have found error only in the third and fourth issues raised by appellate counsel. We affirm the other two issues and the two issues raised pro se by the appellant.
The appellant was sentenced to a term of years in prison to be followed by a term of probation.
We strike the second sentence of Condition (4) which implies that the appellant’s probation officer may consent to the appellant’s possession of a firearm. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995).
Condition (7) of the order of probation states that “you will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician.” The appellant asserts that this condition was not orally pronounced and the state does not argue otherwise. Accordingly, we strike the first sentence of Condition (7). See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
We also strike a portion of Condition (S), which requires the appellant to report to Job Services upon release from prison and apply for a minimum of ten jobs per week until gainfully employed. This is a special condition which requires oral pronouncement. The oral pronouncement by the trial court did not contain the requirement of applying for a minimum of ten jobs per week. Ac *618 cordingly, we strike Condition (S) to the extent that it requires application for a minimum of ten jobs per week until gainfully-employed.
The order of probation requires the appellant to pay $2,500 “cost of prosecution.” The appellant asserts that this amount represents attorney’s fees for the prosecutor’s services, which is improper. In Hill v. State, 618 So.2d 796 (Fla. 2d DCA 1993), this court stated that attorney’s fees are not a part of costs of prosecution. The state agrees with that proposition, but claims'that only $1,351 represented attorney’s fees and that the remainder of the award was for what the trial court termed “hard costs incurred by the state.” Such costs may be awarded under section 939.01(1), Florida Statutes (1993). However, the state concedes that the record does not reflect any documentation to support the amounts requested by the state. The state acknowledges that it had the burden of proving the amount of costs. Accordingly, we strike the award of costs of prosecution, but upon remand the state may seek the reimposition of such costs upon complying with the procedures described in section 939.01(1).
Portions of probation order stricken; otherwise affirmed.
ALTENBERND and WHATLEY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).