682 So.2d 607 (1996)
Cheryl MICKLER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01806.
District Court of Appeal of Florida, Second District.
October 30, 1996.
*608 Douglas Duncan of Roth, Duncan & Labarga, P.A., West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
In this appeal, Cheryl Mickler raises two issues regarding her conviction for abuse or neglect of a disabled adult[1] and two issues regarding her sentence. We find no reversible error in either the challenged instruction to the jury or the evidentiary rulings and, therefore, affirm the conviction without addressing these issues. With respect to the sentencing issues, we find error only in the trial court's award of costs of prosecution. We strike these costs and remand for further proceedings primarily because the trial court failed to follow the procedures set forth in section 939.01, Florida Statutes (1993), when it assessed costs of prosecution without competent evidence establishing the amount of such costs. However, we also conclude that certain costs awarded, even if properly documented, are not assessable as costs of prosecution.
Prior to sentencing, the state filed a motion for costs pursuant to section 939.01. The motion set forth an itemized list of costs incurred by Glades County, the Sheriff's office and the State Attorney's office. The defendant filed a written response to the state's motion that set forth objections to all of the costs with the exception of those categorized as "costs of investigation to Glades County Sheriff's Office." At the sentencing hearing, the trial court addressed the issue of costs. Defense counsel reiterated the arguments previously set forth in his written response. The state presented argument as well. However, the state did not present any documentation of the itemized costs. The defendant did not contest her ability to pay when given an opportunity to do so by the trial court. At the conclusion of the arguments, the trial court announced that, with the exception of costs related to juror expenses, the state's motion was granted. A written order was entered that assessed total costs of prosecution against Mickler in the amount of $46,899.29, which was delineated *609 as $6,746.52 for costs of investigation to the Glades County Sheriff, $20,650.00 for costs of prosecution to the State Attorney's office, and $19,502.77 for costs to Glades County. The total costs assessed were subsequently entered in the judgment from which this issue on appeal arises.
Section 939.01 provides, in relevant part:
(1) In all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person.
(2) If the court does not enter costs, or orders only partial costs under this section, it shall state on the record the reasons therefor.
....
(5) The court, in determining whether to order costs and the amount of such costs, shall consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors which it deems appropriate.
(6) Any dispute as to the proper amount or type of costs ordered shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of costs incurred is on the state attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant is on the defendant. The burden of demonstrating such others matters as the court deems appropriate is upon the party designated by the court as justice requires.
As we have previously stated in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc), and Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), if costs of prosecution are based on section 939.01, the trial court must comply with the procedural requirements of that section. The defendant must be given notice and an opportunity to be heard. The state must prove the amount of the costs. Each item of cost must be "documented." Before imposing costs, the trial court is obligated to consider the defendant's financial resources. Finally, the trial court is obligated to render a written order citing the statutory authorization for those costs awarded. If any costs are denied, the trial court is required to state on the record the reasons for the denial.
In this case, the defendant was given notice and an opportunity to be heard and she claimed no inability to pay. The trial court entered a written order that cited statutory authority. However, the remaining procedural requirements of the statute were not followed. No supporting documentation or proof of any kind was presented by the state, and the trial court failed to state on the record the reason for denying certain costs. Therefore, we must strike the costs of prosecution assessed against Mickler.
Because the trial court will, no doubt, once again address the state's motion for costs, we will address the rulings made by the trial court to provide guidance on remand. The various costs itemized in the state's motion appear to fall into the following categories:
A. Investigative costs of the State Attorney and the sheriff.
B. Expert witness fees (evaluations, depositions and trial testimony).
C. Deposition costs (court reporter services; food, lodging and travel expenses of witnesses; and food, lodging and travel expenses of assistant state attorneys).
D. Evidence (photographs and storage).
E. Juror costs.
F. State attorneys' fees (representing the time spent by two assistant state attorneys preparing for and participating in trial).
The trial court granted the state's motion as to all costs except juror costs. Before addressing the costs that were awarded, we pause to approve the trial court's exclusion of juror costs. We have previously held that juror costs are an ancillary cost of prosecution that are not recoverable under section 939.01. Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992). The reason is that they represent expenditures that must be made in order to maintain and operate the judicial system irrespective of specific violations of the law. For the same reason, the salaries of assistant state attorneys are not *610 recoverable as costs of prosecution. Williamson v. State, 658 So.2d 617 (Fla. 2d DCA 1995). At this point we must turn our attention to those costs that the trial court awarded because it appears that most of the $20,650 assessed as cost of prosecution for the State Attorney's office was for the time spent by two assistant state attorneys preparing for and participating in the trial. As we have just explained, these charges are not an assessable cost of prosecution.
With respect to the remaining categories of costs listed earlier in this opinion, we hold that they are encompassed within section 939.09. By this holding, we acknowledge that our reading of the statute is broader than the interpretation adopted by the First District in Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla.1993). In the course of addressing the question of whether the term "costs of prosecution" includes an award of attorney's fees, the First District concluded that "section 939.01(1) `costs of prosecution' are restricted to the costs of investigation incurred by law enforcement and fire departments." We do not agree with this conclusion. Our interpretation of the statute is that investigative costs of law enforcement agencies and fire departments are just one type of cost of prosecution. Therefore, we decline to follow the view, albeit dicta, expressed in Smith.
On remand, the state may once again seek to have costs of prosecution assessed against Mickler in accordance with the procedure described in section 939.01 and the law expressed in this opinion. In closing, we acknowledge that these statutory requirements are burdensome for the trial court. However, for the reasons discussed in Reyes, 655 So.2d 111, we must continue to require strict compliance with the existing statutes.
Accordingly, we affirm the judgment and sentence; strike the costs of prosecution, and remand for further proceedings.
BLUE, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Section 415.111(3), Florida Statutes (1989).