ALTENBERND, Acting Chief Judge,
specially concurring.
I fully concur in the majority’s opinion. I would have stricken the costs of prosecution if Mr. Pardes had objected to these costs. Mr. Pardes was arrested for possession of marijuana a few minutes after the arresting officer received a tip from a confidential informant. It is highly unlikely that the sheriffs office incurred any “investigative costs” prior to Mr. Pardes’s arrest. See Mickler v. State, 682 So.2d 607 (Fla. 2d DCA 1996). No documents were filed to support costs in this case. Instead, a deputy signed a form affidavit claiming that the sheriff had incurred $100 in costs. Significantly, the form gave the deputy three options. He could check the $50 box for a misdemeanor, the $100 box for a felony, and the “extraordinary investigative expenses” box if the sheriff could prove specific investigative costs.
I have little doubt that the sheriff can establish that every defendant who commits a misdemeanor creates $50 worth of overhead in his office. I am currently unconvinced that the legislature intended for law enforcement to use section 939.01, Florida Statutes, as a method to recoup general overhead. Unless there is some explanation of this affidavit beyond the information in this record, it appears to create a new cost item in only one county that is assessed without a supporting general statute. Either the legislature should authorize every sheriff to do this, or the Manatee County Sheriffs Office should be required to document its investigative costs pursuant to section 939.01.