CAMPBELL, Judge.
Appellant challenges his judgment and sentence for burglary of a dwelling. While appellant raises three issues on appeal, we find merit only in his contention that the trial court erred in imposing certain costs and therefore affirm appellant’s conviction without discussion.
Appellant contends that the trial court erred in imposing certain conditions of probation which were not orally pronounced. We disagree. Condition (4) regarding the possession of weapons, and condition (7) regarding the use of intoxicants to excess, track the language found in the form order of probation contained in Florida Rule of Criminal Procedure 3.986. Accordingly, they need not be orally pronounced at sentencing. State v. Hart, 668 So.2d 589 (Fla.1996).
In addition to other costs, appellant was ordered to pay $2 pursuant to section 943.25(13), Florida Statutes (1995) and $100 to the Manatee County Sheriffs Office for investigative costs. Since costs imposed under section 943.25(13) are discretionary, the trial court was required to orally pronounce them at sentencing. Because it faded to do so, this cost is stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). There was also no statutory authority given or requested for the imposition of the investigative cost. It is therefore stricken. On remand, the appropriate agency may seek costs if it complies with the procedures described in section 939.01, Florida Statutes (1995). Reyes. See also Mickler v. State, 682 So.2d 607 (Fla. 2d DCA 1996).
DANAHY, A.C.J., and THREADGILL, JJ., concur.