ALTENBERND, Judge.
Javier Vargas appeals an order awarding $49.58 as investigative costs to the Arcadia Police Department following the resolution of his criminal case. We affirm, but write to highlight the fact that such orders frequently cost taxpayers more money than they recoup.
On December 1, 1999, an Arcadia police officer arrested Mr. Vargas for the third-degree felony of carrying a concealed firearm. On that day, the police department received a report of a man with a firearm at the Clock Restaurant. The department sent seven officers to the scene. They found Mr. Vargas sitting in a car and soon discovered the concealed handgun. An officer transported Mr. Vargas to the DeSo-to County Jail and filled out the booking papers.
The State charged Mr. Vargas with this offense. The trial court determined that Mr. Vargas was indigent and, accordingly, appointed a public defender. Mr. Vargas apparently had no prior record and soon pleaded no contest in exchange for a withhold of adjudication and two years’ probation. Typically, this would have been the end of this prosecution.
However, in this case, the Arcadia Police Department wanted to recover $100 from this indigent man as an investigative cost under section 938.27(1), Florida Statutes (1999). The department reasoned that the cost of dispatching officers to the restaurant to arrest Mr. Vargas and transport him to the county jail equaled or exceeded this amount. Mr. Vargas protested this cost item. Accordingly, the trial court scheduled a special hearing.
At the special hearing, the State presented the testimony of a lieutenant. He testified at length about each and every police officer involved in this incident, the rate of pay for each officer, and the amount of time each officer spent on this minor felony arrest. The lieutenant opined that the department had spent *94 more than $100 on the event. The public defender thoroughly cross-examined the lieutenant and established that the award should not exceed $49.58. The trial court entered an order in that amount.
Mr. Vargas filed an appeal of this order. Because Mr. Vargas is indigent, he was not required to pay a filing fee. At taxpayer expense, he was appointed another public defender, a specialist in criminal appeals, to handle this appeal. The clerk of circuit court and the court reporter prepared the necessary record at the expense of the taxpayers. The public defender then filed an excellent brief. An appellate specialist at the Office of the Attorney General filed an equally excellent answer brief. This court processed all of the paperwork and assigned staff attorneys and three judges to review the matter. The judges conferenced the case and concluded that, although the police department may not be entitled to recover general, unspecified overhead, they are entitled to recover the specifically identified $49.58 for salary expenses. See § 938.27(9), Fla. Stat. (1999); Mickler v. State, 682 So.2d 607 (Fla. 2d DCA 1996).
Thus, due process has run its course. The Arcadia Police Department can now proudly boast that it has a possibility of eventually collecting $49.58 from an indigent man. It expended only a few hundred dollars of a lieutenant’s time to obtain this asset. Meanwhile, the department’s decision to pursue this cost has caused the offices of two public defenders, the Office of the Attorney General, the clerk of the Twelfth Judicial Circuit Court, a circuit court judge, a court reporter, and the staff and judges of this court each to spend substantially more than $49.58 of taxpayer money to help the police department purchase this questionable asset. If a public corporation engaged in this type of activity, its stockholders would be outraged at its lack of business acumen.
We doubt the legislature envisioned that law enforcement agencies would invoke section 938.27(1) to pursue minimal costs of investigation for every minor arrest. The legislature probably assumed that departments would use some common sense about seeking costs only when the value of the award would more than offset the cost of producing the award. It may be that Mr. Vargas caused much of this expense by protesting and appealing, but it would be difficult or impossible for the judicial system to thwart his rights. If the legislature really wants to allow recovery for the costs that law enforcement incurs in typical arrests, it should consider creating a standardized statutory cost for the benefit of the arresting agency. Section 938.27(1) is cost-effective only in cases involving extensive investigations.
Affirmed.
PARKER, A.C.J., and GREEN, J., concur.