PER CURIAM.
Appellant, Eldredge A. Henderson, challenges his judgment and two consecutive mandatory minimum sentences for one count of aggravated battery with a deadly weapon and one count of aggravated assault with a deadly weapon, arising from a single criminal episode. We affirm the conviction without comment, but reverse the sentences ’ pursuant to Williams v. State, 186 So.3d 989 (Fla.2016), We further reverse the imposition of certain costs imposed with the sentences.
At Appellant’s sentencing hearing the trial court imposed consecutive mandar tory minimum terms under the 10-20-Life statute, as required under then-controlling decisions. However, the Florida Supreme Court in Williams held that consecutive sentences under section 775.087(2)(d) for offenses committed contemporaneously are permissible but not mandatory. Thus, because the trial court did not have the opportunity to exercise discretion in imposing consecutive mandatory minimum terms, we reverse Appellant’s sentences and remand for resentencing.
Appellant also challenges the costs and fees imposed in the trial court’s order, including the $100 cost of prosecution, the $150 court-appointed counsel fee, and the $1,000 “juror costs.” We affirm the $100 cost of prosecution, and the $150 court-appointed counsel fee because notice and hearing are not required before imposition of these minimum statutory amounts. Mills v. State, 177 So.3d 984, 987 (Fla. 1st DCA 2015) (en banc) (“Because the minimum amount is mandated by statute, binding on the court and the defendant alike, no hearing is necessary or appropriate.”).
However, the record does not support the trial court’s contention that the “juror costs” were mandatory, so the mere pronouncement at sentencing of $1,000 in jury costs was insufficient to notify Appellant that such costs'would be imposed or to provide an opportunity to be heard. See Nix v. State, 84 So.3d 424, 426 (Fla. 1st *640 DCA 2012). Although the trial court described the “juror costs” as mandatory, it provided no statutory authority for this proposition, and “costs of judicial administration” are not included in the costs of prosecution under section 938.27(1), Florida Statutes. See Davis v. State, 42 So.3d 807, 808-09 (Fla. 1st DCA 2010). Accordingly, we reverse the imposition of the $1,000 “juror costs.”
Affirmed in part; reversed and remanded in part.
RAY, OSTERHAUS, and WINOKUR, JJ., concur.