*326 ON MOTION FOR REHEARING
MAKAR, J.
Upon defendant’s conviction, the trial court—at the State’s urging—verbally imposed at sentencing a “venire fee” in the amount of $1,000, ostensibly to offset costs associated with empaneling the jury. The court cited no statutory authority for the fee in the final judgment. Defendant timely, but unsuccessfully, challenged the fee saying it was unauthorized. On appeal, we initially affirmed, but defendant’s motion for rehearing makes evident that authority does not exist for imposition of a “venire fee.”
To begin, the phrase “venire fee” appears nowhere in Florida’s jurisprudence, which might explain why the trial judge seemed puzzled when the State asked for a “venire fee in the amount of $1,000.”[1]
THE COURT: I’m sorry, what type of fee?
[THE STATE]: A venire fee.
THE COURT: Venire?
[THE STATE]: Yes, ma’am. Pursuant to Florida Statute 939.02.
THE COURT: Okay.
A handful of cases nationwide from around the turn of the 20th Century refer to a “venire fee,” primarily dealing with a defendant’s right to jury trial despite a failure to pay a fee for jurors’ service. See, e.g., N. J. Soc’y for Prevention of Cruelty to Animals v. Wilbur, 76 N.J.L. 266, 266, 69 A. 1010, 1011 (Sup. Ct. 1908) (error to deny jury trial in criminal case where defendant failed to advance venire fees). Likewise, “jury fees” is an infrequently used phrase in Florida law, primarily because such fees are not used except as permitted by statute, the only one identifiable being a summary proceeding (for example, an eviction) requiring a special ve-nire. § 51.011(3), Fla. Stat. (2016) (“If a special venire be summoned, the party demanding the jury shall deposit sufficient money with the clerk to pay the jury fees which shall be taxed as costs if he or she prevails.”).
The State claims the authority for a venire fee comes from section 939.02, Florida Statutes, which says: “All costs accruing before a committing trial court judge shall be taxed against the defendant on conviction or estreat of recognizance.” § 939.02, Fla. Stat. (2016). The State sees the statute as a general, all-purpose grant of authority for any costs arising from a criminal conviction including the costs of a jury.[2] The defendant counters that this statute “merely governs when costs are to be imposed, rather than authorizing imposition of what particular costs or in any particular amounts.” Defendant says costs must specifically be authorized by statute and only then may they be “taxed against the defendant on conviction or estreat of recognizance.”[3] Because no statute authorizes a “venire fee,” such a fee is improper.
*327 Defendant has the better argument. Black letter law says that court-imposed costs in a criminal case must be statutorily authorized lest they be stricken. Carter v. State, 173 So.3d 1048, 1051 (Fla. 1st DCA 2015) (striking costs and remanding for the trial court to “re-impose those costs in the appropriate amounts if it provides statutory authority for their assessment”); Bradshaw v. State, 638 So.2d 1024, 1025 (Fla. 1st DCA 1994) (“[I]t is improper to impose additional court costs without reference to statutory authority, or an explanation in the record as to what the additional costs represent, which is sufficiently clear to permit a reviewing court to determine the statutory authority for the costs”). The reason is as follows:
It is well settled that costs cannot be assessed in a criminal case unless there is statutory authority for their imposition. ... This is because-“[c]osts as such in criminal cases were unknown to the common law. As a consequence, recovery and allowance of such costs rest entirely on statutory provisions and no right to or liability for costs exists in the absence of statutory authorization.”
Bradshaw, 638 So.2d at 1025 (citations omitted). Given that “common law” costs in criminal proceedings don’t exist, it would be a stretch to interpret section 939.02 as granting wholesale authority to impose any and all categories of costs even if they are not specifically identified in any statute. We note that no recorded case in section 939.02’s century-old existence has ever cited it as the authority for doing so. Section 939.02 does not set out any specific cost or fee, let alone a “venire fee.” Instead, it is best understood as a procedural statute describing when and under what circumstances all statutorily authorized costs may be imposed.
Moreover, the primary statute that allows for the costs of prosecution to be assessed against a convicted defendant, section 938.27(1), Florida Statutes, has been interpreted to disallow the “costs of judicial administration,” which include juror costs. See Mickler v. State, 682 So.2d 607, 609 (Fla. 2d DCA 1996) (“[J]uror costs are an ancillary cost of prosecution that are not recoverable under section 939.01 [renumbered as 938.27].”) “The reason is that they represent expenditures that must be made in order to maintain and operate the judicial system irrespective of specific violations of the law.” Id. Indeed, our court has held such costs are not statutorily authorized. Henderson v. State, 192 So.3d 638, 640 (Fla 1st DCA 2016) (reversing imposition of $1,000 of “juror costs” that are “costs of judicial administration” under section 938.27(1)); see also Davis v. State, 42 So.3d 807, 808-09 (Fla. 1st DCA 2010) (“The only limitations that have been recognized by Florida courts in construing the term ‘cost of prosecution’ are that courts have not permitted costs of judicial administration to be assessed.”). We see no basis for interpreting section 939.02 as allowing jury or “venire” costs that are disallowed under section 938.27(1).
For these reasons, we grant Brown’s motion for rehearing and order that the venire fee in the final judgment be stricken.
JAY and M.K. THOMAS, JJ„ CONCUR.

. How the amount of $1,000 was determined is a mystery from the record.

. The State postulates that "[t]here may be a circumstance where a jury is empanelled [sic], then for dilatory reasons the defense moves to continue the trial which would result in a subsequent jury selection process. Under these circumstances, the trial court may have accrued additional venire costs through a defendant's lack of diligence.” But it was the State that moved for the first continuance and Brown for the second (he’d hired a lawyer to replace the public defender), which the State did not oppose. Nothing reflects that a jury was empaneled either time.

.The phrase "estreat of recognizance” is an antiquity, appearing only in section 939.02, which took root in 1873. It has never been used by any court or legislature nationwide, and appears to be the equivalent of breaching a bail bond. See Black's Law Dictionary 591 & 1299 (8th Ed. 2004) (definitions of "es-treat” and “recognizance”).