# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-159
LT Case No. 2021-195-CF

_____

JODY O'MALLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Clay County.
Steven B. Whittington, Judge.

Jessica J. Yeary, Public Defender, and Tyler K. Payne, Assistant
Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Christina
Piotrowski and Adam B. Wilson, Assistant Attorneys General,
Tallahassee, for Appellee.

January 12, 2024


PER CURIAM.

    Appellant, Jody O'Malley, appeals regarding costs assessed
against her when she was adjudicated guilty, following her plea, to
one count of child neglect causing great bodily harm. During the
sentencing hearing, the trial court orally announced what costs
were to be imposed. However, the written judgment and sentence

do not reference the costs imposed at sentencing. The only place the costs are spelled out in a court order or judgment is in the order of probation which lists costs as a lump sum of $919. There is a document labeled "Case History" which breaks the $919 costs down as follows:

> Felony Court Costs ($518.00)
> CF Crimes Against a Minor ($151.00)
> Clay County Sheriff's Investigative Fund FS 938.27(7) ($100.00)
> Felony PD App Fee ($50.00)
> Felony PD Legal Assistance ($100.00).

Appellant timely appealed and raised the cost dispute in a Florida Rule of Criminal Procedure 3.800(b)(2) motion which was not ruled on by the trial court within the 60-day time frame, rendering it denied.

Appellant first claims that the trial court could not impose the $100 cost of prosecution which it orally announced during sentencing because the State did not request it. The relevant statute, section 938.27(8), Florida Statutes (2013), makes cost of prosecution mandatory at a minimum of $100 per case for felony cases. In *Hills v. State*, 90 So. 3d 927, 928 (Fla. 1st DCA 2012), the First District noted that "the mandatory provisions of section 938.27(8) and the other amendments restricting the trial judge's discretion have negated any reason to require the state attorney to request the minimum costs [of prosecution] for the state attorney . . . . [thus], the trial court did not commit error by imposing the $100 statutory minimum costs under section 938.27(8), Florida Statutes (2010) without a request from the state on the record . . . ." *See also Parks v. State*, 371 So. 3d 392, 393–94 (Fla. 1st DCA 2023); *Wasden v. State*, 342 So. 3d 298, 299 (Fla. 5th DCA 2022); *Henderson v. State*, 192 So. 3d 638, 639 (Fla. 1st DCA 2016). We affirm as to the $100 cost of prosecution.

We note, as the First District did in *Parks*, that the Second District has taken the opposite position on this question of law, holding in *D.L.J. v. State*, 331 So. 3d 227, 228 (Fla. 2d DCA 2021), that the minimum mandatory cost of prosecution cannot be awarded in the absence of a specific request for same. Accordingly,

we hereby certify that our current opinion expressly and directly conflicts with the Second District's *D.L.J.* opinion on the same question of law.

Appellant next argues that the trial court erred in assessing the cost of investigation when there was no request for same. As the State concedes, Appellant is correct and that cost will not be allowed. *See Richards v. State*, 288 So. 3d 574, 576 (Fla. 2020).

Finally, Appellant argues that the case should be remanded for entry of a detailed order setting forth each item of cost and its basis. Again, the State properly concedes and we agree that a lump sum award of costs is inappropriate. *See Capozzi v. State*, 697 So. 2d 941, 941 (Fla. 2d DCA 1997); *Smiley v. State*, 704 So. 2d 191, 194–95 (Fla. 1st DCA 1997).

Accordingly, Appellant's judgment and sentence are affirmed, the assessment of $100 as the cost of prosecution is affirmed, the assessment of $100 as the cost of investigation is reversed, and the matter is remanded for entry of an amended judgment and sentence which lists each item of cost and provides a disclosure of authority for same if not previously provided.

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions.

EDWARDS, C.J., LAMBERT, and SOUD, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

3