THE COUNTY OF McHENRY, Plaintiff-Appellee, *v.* JOSEPH L. DUENSER, Defendant-Appellant.

Second District No. 75-250

Opinion filed May 31, 1977.

Robert F. Meersman, of Mt. Prospect, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The defendant, Joseph Duenser, was found guilty after a bench trial of a violation of the McHenry County liquor control ordinance. He was fined $50 and costs of $298.60 were taxed against him.

On appeal the defendant contends: (1) that the trial court erred in its denial of his motion for a directed verdict and in its finding of guilty under the evidence presented; (2) that section 27(b) of the liquor control and liquor licensing ordinance of McHenry County relating to closing hours is unconstitutional and void; (3) that enforcement of the ordinance is arbitrary and capricious denying defendant equal protection of the laws; and (4) that the assessment of costs by the trial court was unreasonable, capricious and violative of defendant's constitutional rights.

At approximately 2:45 a.m. on February 2, 1975, officers of the McHenry County Sheriff's Department arrested defendant Duenser, the manager of the Hitching Post Tavern, and charged him with violation of section 27(b) of the McHenry County liquor control ordinance which provides:

> "(b) During the times when alcoholic liquor may not be sold at retail, the premises for which the license has been issued shall be closed, provided that the premises of restaurants, hotels or clubs, as defined in the Illinois Liquor Control Act, may be kept open in addition to the hours referred to in paragraph (a) of this Section for purposes other than the sale or consumption of alcoholic liquor."

On the night in question the ordinance required all licensed premises to close at 2 a.m. When the officers arrived, the night latch on the door was fastened; when they knocked, defendant opened the door and let them in. There were 19 patrons in the barroom, seated at tables and on bar stools, with glasses and beer bottles in front of them. At least one person was drinking a beverage while the officers were in the bar but no evidence was presented that any of the bottles or glasses contained alcoholic liquor. The

defendant told the officers he thought that as long as he didn't sell liquor after the 2 a.m. closing hour his customers could sit and drink all night in the tavern if they wished to do so.

Defendant argues that the trial court erred in denying his motion for a directed verdict and in finding in favor of plaintiff. He contends that he did not violate the ordinance because with the night latch on the door the tavern was closed and no patrons had entered and no liquor had been served after the 2 a.m. closing time required by the ordinance. Defendant interprets "closed" to mean simply that the tavern door must be locked so that persons could not gain entry and that he not sell alcoholic beverages to the locked-in patrons and asserts he was, therefore, in compliance with the ordinance.

■■ It seems clear to us that the intent of the McHenry County legislative body in the enactment of section 27(b) of its liquor control ordinance was not only to prohibit the sale of alcoholic beverages in a tavern after the 2 a.m. closing time, but also to require the vacation of the licensed premises by tavern customers at that hour and the closing of the premises for the activities shown in this case. The exception to 27(b) providing that restaurants, hotels and clubs may be kept open after such closing hour for other purposes clarifies the meaning of the section. Defendant does not assert that the tavern is a restaurant, hotel or club coming within the exception. In the absence of statutory definitions indicating a different legislative intention, the courts will assume that words have their ordinary and popularly understood meanings. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.) The only logical interpretation of legislative intent in the instant case is that licensed premises are to be closed for all purposes, including those shown by the evidence here, and vacated by its patrons at the established closing hour. In short, we believe "closed premises" must be in fact closed.

■■ Defendant also urges that no proof was offered that he was the bartender on the night of his arrest as alleged in the complaint and, therefore, he was not subject to the provision of the ordinance. Duenser opened the door for the officers and identified himself as the manager of the tavern. He was clearly in charge of the premises. Defendant testified on his own behalf that he had not been behind the bar since 1:50 a.m. on the evening in question; his daughter was working there at the cash register while the officers were on the premises.

■■ A directed verdict is appropriate only where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) The evidence here does not meet that standard nor can we say that the verdict is clearly against the manifest

weight of the evidence. Defendant's premises was a licensed retail liquor establishment which was not closed some 45 minutes after the 2 a.m. closing hour required by the licensing body and defendant, its manager, and 19 patrons were present at that time, at least some of whom were drinking. The findings of the trial court are supported by a preponderance of the substantive and circumstantial evidence and will not be disturbed here.

■■ ■ The defendant next challenges the constitutionality of the ordinance, alleging that it is vague and uncertain in violation of the fourteenth amendment to the United States Constitution and section 2 of article I of the Illinois Constitution and arguing that its ambiguous language must be construed in his favor. Defendant overlooks the rule that the primary object in construing any legislative enactment, whether criminal or civil, is to give effect to the legislative intent. (*People ex. rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 316 N.E.2d 769; *People ex. rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 285 N.E.2d 129, *cert. denied* (1972), 409 U.S. 1059, 34 L. Ed. 2d 511, 93 S. Ct. 562; *People v. Savaiano* (1975), 31 Ill. App. 3d 1049, 335 N.E.2d 553.) The plain purpose of the requirement that the licensed premises "shall be closed" during the times alcoholic liquor may not be sold at retail is to assure that such sales could only occur during lawful hours and is a reasonable and necessary enforcement provision. To read into the ordinance defendant's construction would be to nullify it as a control over the unlawful sale of liquor and to set aside the clear legislative intent in the enactment of the ordinance. Courts are required to consider the language of the enactment in context in determining legislative intent and may also apply a modicum of common sense to its construction. (See, *e.g., People v. Oliver* (1970), 129 Ill. App. 2d 83, 262 N.E.2d 597.) We do not find the questioned phrase to be vague, uncertain or ambiguous.

■■ Defendant further urges that the ordinance is unconstitutional as violative of his right to equal protection of the laws pursuant to the fourteenth amendment to the United States Constitution and section 2 of article I of the Illinois Constitution because, he alleges, it was arbitrarily enforced against him. The officers testified that all license holders are allowed a "grace period" of 15 minutes after the required closing time to vacate their bars before any arrests are made. Defendant was arrested 30 minutes after the "grace period" ended; he has no standing to challenge the enforcement of the ordinance as arbitrary. (*People v. Vandiver* (1971), 51 Ill. 2d 525, 283 N.E.2d 681.) It was applied against him in the same way it is applied against all licensed premises.

Finally defendant challenges the assessment of costs against him in the amount of $298.60, questioning the constitutionality of the cost statutes (Ill. Rev. Stat. 1975, ch. 33, par. 17, and Ill. Rev. Stat. 1975, ch. 38, par.

180—3.) Some 19 persons were subpoenaed as witnesses by plaintiff but were not called to testify at trial. The sheriff's service fees for these witnesses were apparently taxed as costs.

■■ While this assessment of costs seems somewhat excessive, defendant made no motion in the trial court to retax costs (Ill. Rev. Stat. 1975, ch. 33, par. 26), nor did he there challenge the constitutionality of the cost statutes. These contentions are not properly preserved for review and we will not consider them for the first time on appeal. *People v. Luckey* (1969), 42 Ill. 2d 115, 245 N.E.2d 769, *cert. denied* (1970), 397 U.S. 942, 25 L. Ed. 2d 122, 90 S. Ct. 955; *People v. Harbarugh* (1976), 40 Ill. App. 3d 295, 352 N.E.2d 412; *Village of Riverside v. Kuhne* (1947), 335 Ill. App. 547, 82 N.E.2d 500.

■■ However, we note here that while the record does show the trial court determined that costs would be assessed against defendant, it does not indicate that the court fixed the amount thereof to be in the unusual sum taxed in this case. We will, therefore, remand that portion of the case to the trial court to consider the amount of costs it will tax herein.

For the reasons stated herein, the judgment of conviction of the trial court is affirmed; the cause is remanded to the trial court to consider and determine the amount of costs to be taxed.

Affirmed and remanded.

RECHENMACHER, P. J., and BOYLE, J., concur.