THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ONDRA HODGES, Defendant-Appellant.

Third District   No. 3—82—0726

Opinion filed December 14, 1983.

Robert Agostinelli and Verlin R.F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Ondra Hodges, was charged by complaint, and later by indictment, with the offense of retail theft. The charge was elevated to a felony because of two prior convictions for the same offense. In the defendant's original two-day trial the jury was deadlocked and the trial court declared a mistrial. Following a second three-day trial the defendant was convicted of the offense of retail theft. The judge then sentenced the defendant to a term of three years of imprisonment and ordered the payment of fees and costs.

On appeal the defendant raises the following issue: Whether the trial court properly imposed costs for the defendant's first trial which resulted in a mistrial.

The record indicates that when the trial court entered judgment for costs against the defendant after his conviction and sentence for retail theft, it also included various fees and costs involved in the first trial which resulted in a mistrial. The order referred to five days of trial time which included two days for the first trial and three days for the second trial.

The trial court assessed court costs against the defendant pursuant to section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1981, ch. 38, par. 180—3) (hereafter the Act), which reads as follows:

> "When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of prosecution."

The defendant argues that the language of the Act suggests that costs can be assessed only for a conviction. The defendant asserts that because the judgment included the cost of the mistrial, the order was improper and must be recalculated. The defendant does not question the assessment of costs pertaining to the second trial at which he was convicted.

The State does not deny that when the trial court assessed costs against the defendant, the order included costs for the original two-day mistrial. Rather, it argues that under the Act, one who is convicted of an offense must pay the costs of prosecution which include the expenses incurred in the two-day mistrial.

The allowance and recovery of costs, being unknown at common law, rests entirely upon the statutory provisions, which must be

strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197; *People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918, 919; *Galpin v. City of Chicago* (1911), 249 Ill. 554, 566, 94 N.E. 961, 965.) Furthermore, the assessment of costs or fees not authorized by statute has been held to be an abuse of discretion. *People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918, 919; *People v. Nicholls* (1977), 45 Ill. App. 3d 312, 314, 359 N.E.2d 1095, 1098, *aff'd in part and rev'd in part on other grounds* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

■ A trial court can properly assess costs only against a *convicted* defendant under the Act. (Ill. Rev. Stat. 1981, ch. 38, par. 180—3.) It is clear that a conviction is a prerequisite for the assessment of costs. (*People v. Halliday* (1979), 73 Ill. App. 3d 615, 618, 392 N.E.2d 389, 391.) In this case, the defendant was not convicted during the first trial. Instead, the trial court declared a mistrial. While the legal effect of a mistrial is not an acquittal, neither is it a conviction. Thus, the trial court lacked authority to assess costs against the defendant for the first two-day trial.

The State also argues that the defendant waived his right to challenge the assessment of costs by failing to file a motion to retax in the trial court. (Ill. Rev. Stat. 1981, ch. 33, par. 26.) The cases cited by the State, *People v. Horn* (1978), 64 Ill. App. 3d 717, 381 N.E.2d 790, *County of McHenry v. Duenser* (1977), 49 Ill. App. 3d 125, 363 N.E.2d 1197, and *People v. Harbarugh* (1976), 40 Ill. App. 3d 295, 352 N.E.2d 412, are distinguishable.

As stated above, a trial court may only assess costs when they are authorized by statute. Assessing costs when they are not authorized is an abuse of discretion. The Act, strictly construed, requires that a person be convicted before costs may be assessed against him. In all three of the cases cited by the State, the defendants were convicted at the original bench trial and costs were assessed against them. Since there was a conviction, the court in each case had authority to assess costs. In contrast, the defendant in the present case was not convicted at his first trial. Therefore, without the prerequisite conviction, the trial court had no authority to assess costs against him for the mistrial.

Furthermore, in both *Duenser* and *Harbarugh*, the defendants challenged the constitutionality of the cost statute for the first time on appeal although neither defendant had made a motion to retax costs in the trial court. It should be noted that the court stated in *Harbarugh* that, "*The question of the constitutionality of a statute* is properly preserved for review only when it has been raised in and

passed upon by the trial court. [Citations.]" (Emphasis added.) 40 Ill. App. 3d 295, 302.

The defendant in the present case clearly has not questioned the constitutionality of the cost statute. He has simply challenged the authority of the trial court to assess costs for the mistrial.

■ Finally, in *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341, *cert. denied* (1980), 449 U.S. 951, 66 L. Ed. 2d 215, 101 S. Ct. 354, the trial court neglected to impose costs following the defendant's conviction and sentence. For the first time on appeal the State asked that the case be remanded so that costs could be entered. (Ill. Rev. Stat. 1981, ch. 38, par. 180—3.) Reasoning that such costs are imposed by the clerk of the court as part of his ministerial duties and are nondiscretionary, the appellate court held that the failure of the trial court to assess those costs would not preclude a subsequent correction of the error. (*People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 1047, 396 N.E.2d 1341, 1347.) Likewise, in the present case, we believe that the failure of the trial court to properly assess costs against the defendant does not preclude correction of that error on remand.

For the reasons stated above, the trial court is instructed to recalculate the costs so that the defendant is assessed only for the costs of the second trial in which he was convicted of the offense of retail theft.

The order of the circuit court of Kankakee County assessing costs is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.