[No. 34396-3-I.   Division One.   July 24, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ELDRIDGE C. BUCHANAN, *Appellant*.

*Richard Tassano* and *Shannon Marsh*, for appellant.
*Michele Shaw*, for respondent.

PER CURIAM. — Eldridge Buchanan appeals from the sentence imposed following his conviction for fourth-degree assault. The State originally charged Buchanan with second-degree rape, but that charge resulted in a hung jury and mistrial. The State then amended the charge to fourth-degree assault, and Buchanan pled guilty. As part of his sentence, Buchanan was ordered to pay court costs, including costs for the mistrial on the second-degree rape. He argues that the court abused its discretion and exceeded its authority in imposing costs for the mistrial because he was never convicted of the crime prosecuted in the trial. Because the assault and rape charges arose from the same facts and were prosecuted in the same cause, we conclude that the trial court did not abuse its discretion or exceed its authority in imposing costs for the mistrial proceedings.

## FACTS

In 1993, the State charged Buchanan with second-degree rape of his roommate, Chantle Dennie. The jury hearing that charge was unable to reach a verdict, voting 11 to 1 to acquit. The court declared a mistrial.

The State then amended the information to charge fourth-degree assault. Buchanan pled guilty to that charge.

At sentencing, defense counsel argued that the court should not impose $862 in court costs against Buchanan for the jury trial, stating:

> The State didn't return a verdict . . . I think loading up the rape trial on Mr. Buchanan, to a certain extent, flies in the face of the vote that the jury took that was 11 to 1 . . . to

acquit. And for that reason I would certainly ask the Court not to impose the court costs on Mr. Buchanan.

The Court rejected that argument, ruling as follows:

> Well, I guess the question would reasonably be analyzed in terms of whether there was a substantial basis for the charge against Mr. Buchanan. The jury deliberated at length — and in fact, I don't remember how long they deliberated, but it was not able to reach a verdict. But that is not evidence, in my view, that the charge itself did not have a substantial basis. I hasten to add that substantial basis was quite different from guilt.
>
> I have no determination of Mr. Buchanan's guilt of the original charge, but I do believe that there was a substantial basis for the charge and that he should, in particular, in view of his guilty plea to events related today, that incident bears court costs between himself and people of the State. So I will impose those costs.

Buchanan appeals solely from the portion of the judgment requiring him to pay court costs.

## DECISION

■ Under former RCW 10.01.160, courts have authority to impose costs on a convicted defendant.[1] Such costs are limited to expenses specially incurred by the state in prosecuting the defendant. Former RCW 10.01.160(2). Buchanan contends the statute does not authorize imposition of costs here because the costs were incurred in a trial that resulted in a hung jury, and his conviction following the mistrial was for a charge different from the one prosecuted in the mistrial.

■ Statutes authorizing costs are in derogation of the common law and should be strictly construed. *State v. Faulkner*, 75 Wyo. 104, 292 P.2d 1045 (1956); 20 Am. Jur. 2d *Costs* § 100, at 79 (1965). The initial question before us

---

[1]The costs must be specially incurred and cannot include expenses inherent in providing a constitutionally guaranteed jury trial or normal administrative expenditures that must be made irrespective of specific violations of law. Former RCW 10.01.160(2).

is whether the words "convicted defendant" and "prosecuting the defendant," as used in RCW 10.01.160, preclude an assessment of costs for a mistrial in a cause that ultimately results in a conviction. There are no Washington cases addressing this issue. However, a similar issue arose under a similar statute in *People v. Hodges*, 120 Ill. App. 3d 14, 457 N.E.2d 517 (1983).

In *Hodges*, the defendant's first trial for retail theft ended in a hung jury and mistrial, but his second trial on the same charge resulted in a conviction. The trial court imposed costs for both trials. The defendant appealed, arguing that the court lacked authority to impose costs for the mistrial under a statute requiring a person "convicted of an offense" to "pay the costs of prosecution." 457 N.E.2d at 518.

In reversing, the appellate court reasoned that because the statute made conviction a prerequisite to the assessment of costs, and because the first trial did not result in a conviction, the trial court lacked authority to assess costs for the first trial. We are not persuaded by that reasoning as it overlooks the fact that a trial following a mistrial in the same cause is merely a continuation of the first trial and the ongoing prosecution. *See State v. Clemons*, 56 Wn. App. 57, 782 P.2d 219 (1989), *review denied*, 114 Wn.2d 1005 (1990). In such circumstances, the costs of the mistrial are part of the prosecution of the defendant. So long as the charges in the trials are the same or based on the same facts, the mistrial costs may properly be assessed when, as here, the applicable statutes allow costs for "prosecuting" a convicted defendant. That reasoning is supported by the court's reasoning in *Nicholson v. State*, 157 P. 1013 (Wyo. 1916).[2]

In *Nicholson*, the governing statute made convicted defendants liable for the "costs of prosecution". The court

---

[2]*See also* H.C. Lind, Annotation, *Items of Costs of Prosecution*, 65 A.L.R.2d 854, 863 (1959) (citing cases holding that when, following a mistrial, a defendant is convicted of the same charge in a second trial, the court may properly impose costs for the first trial).

held the defendant was taxable with the costs of both a mistrial and a second trial resulting in conviction. The court reasoned that a prosecution is commenced by the filing of an information and does not end with the declaration of a mistrial; rather, the prosecution ends when final judgment is entered on the cause. That reasoning is analytically sound and applies in this case since Buchanan's assault conviction was part of an ongoing prosecution under a single cause number.

Buchanan argues, however, that costs cannot be imposed for the mistrial in this case because the original charge prosecuted in the mistrial was abandoned and he was ultimately convicted *of a different charge*. This argument would have more force if Buchanan's conviction and the abandoned charge were based on different facts. In that scenario, the mistrial would have no substantive connection to the subsequent conviction, and a strong argument could be made that costs associated with the mistrial were not really part of the prosecution that resulted in conviction. That is not the situation here, however.

The rape and assault charges in this case were based on the same facts and were prosecuted in the same cause. Because they were linked, both substantively and procedurally, to the same prosecution, and because the prosecution resulted in a conviction, the trial court did not exceed its authority or abuse its discretion when it imposed costs for the mistrial under the statute.[3]

Affirmed.

---

[3]This case is analogous to a trial in which a jury disagrees on a greater offense but convicts on a lesser included offense. In that situation, courts would clearly have authority to assess costs incurred in attempting to prove both the greater and lesser offenses. The same should hold true when, as here, the conviction is for a lesser but not included offense that arises from the same facts as the greater offense.