PER CURIAM.
Finding no reversible error, we affirm appellant’s convictions and sentences for sexual battery with a deadly weapon, armed kidnapping, and aggravated battery. We must reverse and remand, however, certain portions of the trial court’s judgment and sentence imposing costs.
The trial court ordered appellant to pay $800 for “costs of prosecution” pursuant to section 939.01, Florida Statutes. The amount was calculated by multiplying $25 per hour by 32 hours of what the prosecutor described as “investigative and trial time.” This court has held, however, that the State may not recover attorney fees as part of these costs. Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), rev. denied, 618 So.2d 211 (Fla.1993); Scott v. State, 629 So.2d 1070 (Fla. 1st DCA 1994). Since it is not clear how much of the $800 is attributable to the State’s attorney fees and how much is attributable to assessable investigative costs, we reverse and remand. See Hollingsworth v. State, 622 So.2d 129 (Fla. 5th DCA 1993).
We also reverse the $5 fee imposed pursuant to an “administrative order.” This fee is not specifically authorized by statute or otherwise proper. Lindsey v. Dykes, 129 *970 Fla. 65, 175 So. 792 (1937); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992); Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.