[No. 21444-3-III. Division Three. November 16, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE RALPH MOON, *Appellant*.

*Samuel P. Swanberg*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *David W. Corkrum, Deputy*, for respondent.

¶1 BROWN, J. — George R. Moon was charged with first degree rape and first degree burglary. A jury found Mr. Moon guilty solely of the burglary. At sentencing, the court imposed $5,750 in lab fees for DNA (deoxyribonucleic acid) testing against Mr. Moon. Mr. Moon contends the court erred in imposing these fees because he was acquitted of the rape charge. Mr. Moon asks us to interpret RCW 43.43.690 as meaning he must be "adjudged guilty" of the particular crime for the statute to apply. At oral argument, the State conceded the inapplicability of RCW 43.43.690, but argued other general statutes

and the case law permit the assessed fees. We disagree with the State and reverse.

## FACTS

¶2 Mr. Moon was arraigned for first degree rape on November 13, 2001. The State's evidence included a long list of items to be tested for the presence of Mr. Moon's DNA, relevant to sexual contact between Mr. Moon and the alleged victim. The parties stipulated to sending the items to a private laboratory in North Carolina for testing, partly because the state crime laboratory was backed up. The items tested showed no inculpating evidence. Eventually, the parties stipulated that none of the items contained any evidence suggestive of sexual contact between Mr. Moon and the alleged victim.

¶3 The State amended the information to add a charge of first degree burglary. The conduct elevating the burglary to first degree was an assault. In particular, the information charging the burglary specified, "striking her with his fist." Clerk's Papers at 39. At trial, Mr. Moon admitted the burglary and hitting the victim but denied any rape conduct. Mr. Moon's closing argument was consistent with his testimony. The court instructed generally on assault. The jury found Mr. Moon guilty of first degree burglary but acquitted him of the alleged rape.

¶4 At sentencing, the State requested imposition of $5,750 as a crime lab fee against Mr. Moon for the DNA testing. Mr. Moon's attorney objected because the fees related solely to the first degree rape charge for which Mr. Moon was acquitted. The court found it was "in [its] discretion" to assess the $5,750 crime lab fee. Report of Proceedings (RP) (August 20, 2002) at 20. Under RCW 43-.43.690, the court included the $5,750 as a crime lab fee in the judgment and sentence and deferred payment due to indigent status. Mr. Moon appealed.

## ANALYSIS

¶5 The issue is whether the court erred in awarding $5,750 in DNA lab fees against Mr. Moon under RCW 43.43.690. At oral argument, the State conceded the trial court erred in assessing the lab fees under RCW 43.43.690, but continued to argue the costs were proper under RCW 10.01.160 and general case law.

¶6 The interpretation of a statute is a question of law reviewed de novo. *State v. Thompson*, 151 Wn.2d 793, 801, 92 P.3d 228 (2004) (citing *State v. Tarabochia*, 150 Wn.2d 59, 63, 74 P.3d 642 (2003)). Generally, trial courts have the authority to impose costs and fees on a convicted defendant. RCW 9.94A.760(1); RCW 10.01.160(1). Trial courts have been given wide latitude in matters related to sentencing under these statutes. *State v. Barnes*, 117 Wn.2d 701, 710, 818 P.2d 1088 (1991). However, an applicable specific statute will supersede a relevant general statute. *See Gen. Tel. Co. of N.W., Inc. v. Utils. & Transp. Comm'n*, 104 Wn.2d 460, 464, 706 P.2d 625 (1985); *Waste Mgmt. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 630, 869 P.2d 1034 (1994).

¶7 Here, the court assessed a crime lab fee against Mr. Moon under a specific Washington statute—RCW 43-.43.690, partly providing:

> (1) When a person has been adjudged guilty of violating any criminal statute of this state and a crime laboratory analysis was performed by the state crime laboratory, in addition to any other disposition, penalty, or fine imposed, the court shall levy a crime laboratory analysis fee of one hundred dollars for each offense for which the person was convicted.

RCW 43.43.690(1).

¶8 Mr. Moon correctly contends the court erred in imposing the lab fees under RCW 43.43.690 because he was found not guilty of first degree rape, and the lab fees related solely to that charge. In any event the lab fee was statutorily limited to $100. The State conceded this point during

argument. However, the State argued the trial court has broad authority under the general statutes and case law to impose the lab fees.

 ¶9 *State v. Buchanan*, 78 Wn. App. 648, 651, 898 P.2d 862 (1995), cited by the State, is inapt. That court was construing the meaning of RCW 10.01.160, which gives the trial court discretion to impose costs incurred in prosecuting a convicted defendant. The court upheld the cost assessment because the two charges were linked both substantively and procedurally. *Id.* at 653. The *Buchanan* court partly reasoned:

> [The defendant's] argument would have more force if [the defendant's] conviction and the abandoned charge were based on different facts. In that scenario, the mistrial would have no substantive connection to the subsequent conviction, and a strong argument could be made that costs associated with the mistrial were not really part of the prosecution that resulted in conviction.

*Id.*; *see also State v. Baggett*, 103 Wn. App. 564, 571-72, 13 P.3d 659 (2000) (this court upheld a costs assessment where the defendant was convicted of a lesser-included offense because the charges were procedurally and substantively linked).

¶10 Here, considering the rape charge acquittal and the lack of a substantive connection between the alleged rape and the burglary, the State's argument is untenable. The trial court erred in assessing $5,750 in lab fees against Mr. Moon after he was "adjudged guilty" of solely first degree burglary. The assault allegation raising the burglary to first degree was for hitting the victim, not raping the victim. The information specified the assault elevating the burglary to first degree related to Mr. Moon striking the victim with his fist. Consistently, the "to convict" instruction for the burglary required the jury to find the "defendant assaulted a person." RP (June 3 and 6, 2002) at 201. Considering the relevant language of the burglary charging document, the required "intentional touching or striking" of the victim did not relate to the rape. RP (June 3 and 6, 2002) at 202. The

State's argument is also inconsistent with the acquittal entered for the alleged rape.

¶11 Moreover, the lab evidence did not relate to the burglary charge. The burglary was not a lesser included offense of crime or a lesser degree of rape. *See Baggett*, 103 Wn. App. at 571-72. The facts are not analogous to a conviction for an included offense (*see Buchanan*, 78 Wn. App. at 653), or an assault conviction based on the same facts as a prior mistrial for rape (*see Baggett*, 103 Wn. App. at 571-72).

¶12 Because RCW 43.43.690 is plain on its face, we give effect to that plain meaning. *Thompson*, 151 Wn.2d at 801 (citing *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). While the general statutes discussing legal financial obligations generally allow for collection of legal financial obligations, no legal financial obligation was incurred here because Mr. Moon was acquitted of the rape, and no substantive connection exists between the testing and the burglary conviction. Finally, statutes authorizing costs are in derogation of common law and should be strictly construed. *Buchanan*, 78 Wn. App. at 651 (citing *State v. Faulkner*, 75 Wyo. 104, 292 P.2d 1045 (1956); 20 AM. JUR 2D. *Costs* § 100, at 79 (1965)).

¶13 In sum, the terms of RCW 43.43.690, when plainly read, do not permit the establishment of a legal financial obligation upon acquittal in a case like this. The remedy is to reverse the imposition of the crime lab fee in total and remand to the trial court for a consistent resentencing.

¶14 Reversed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.