PER CURIAM.
 

 Curtis Davis appeals an order awarding costs of prosecution assessed against him as a result of his conviction for battery and false imprisonment. The trial court ordered interstate extradition of a witness critical to the prosecution. Mr. Davis’ first trial resulted in a mistrial because the original judge improperly permitted an alternate juror to enter deliberations with the jury. Accordingly, a second trial was required in which Mr. Davis was convicted.
 

 During both trials, Ms. Curtsinger was a critical witness for the state. After the conclusion of the second trial, the court ordered Mr. Davis to pay costs of prosecution, including the airfare of Ms. Curtsinger and her two children for both trials. On appeal, Mr. Davis challenges the assessment of (1) travel expenses for Ms. Curtsinger’s children for both trials, and (2) the travel expenses for Ms. Curtsinger for the original trial. For the reasons discussed below, we affirm the trial court’s order as to both issues.
 

 Section 938.27(1), Florida Statutes (2007), provides that the costs of prosecution shall be imposed against a convicted criminal defendant and entered in the judgment. Costs of prosecution include “[ijnvestigative costs of the State Attorney and the sheriff,” “[ejxpert witness fees (evaluations, depositions and trial testimony),” “[djeposition costs (court reporter services; food, lodging and travel expenses of witnesses; and food, lodging and travel expenses of assistant state attorneys),” and “[ejvidence (photographs and storage).”
 
 Mickler v. State,
 
 682 So.2d 607, 609 (Fla. 2d DCA 1996). In
 
 Smith v. State,
 
 606 So.2d 427, 428 (Fla. 1st DCA 1992), this court limited costs of prosecution to costs of investigation incurred by law enforcement and fire departments. However, subsequent statutory changes to this section make it clear that costs of prosecution are not limited to investigative costs incurred by police and fire departments.
 
 See
 
 ch. 92-300, § 7, Laws of Fla.; ch. 2008-111, § 43, at 37-38, Laws of Fla.
 

 The only limitations that have been recognized by Florida courts in construing the term “cost of prosecution” are that
 
 *809
 
 courts have not permitted costs of judicial administration to be assessed.
 
 See Mickler v. State,
 
 682 So.2d 607, 609 (Fla. 2d DCA 1996) (holding juror costs and state attorneys’ fees improperly assessed as a cost of prosecution);
 
 Watson v. State,
 
 662 So.2d 969, 969 (Fla. 1st DCA 1995) (holding state attorney fees improperly assessed as a cost of prosecution);
 
 Williams v. State,
 
 596 So.2d 758, 759 (Fla. 2d DCA 1992) (noting judicial salaries, clerical and reportorial services, or juror reimbursements cannot be properly assessed as a cost of prosecution). Accordingly, the trial court has broad discretion to determine the amount and type of costs of prosecution to be assessed against a convicted person.
 
 See
 
 § 938.27(4), Fla. Stat. (2007).
 

 Here, Mr. Davis asserts that the trial court erred by assessing the travel costs of Ms. Curtsinger’s children as a cost of prosecution. However, the trial court made a detailed finding on the record that the travel costs of Ms. Curtsinger’s children were necessary for Ms. Curtsinger, a resident of Nevada, to attend Mr. Davis’ trial as a critical prosecution witness. The state inquired of Ms. Curtsinger regarding whether there was a relative or friend who could care for her children while she attended the trial in Florida. Additionally, the state inquired whether there were 24-hour child-care providers available to Ms. Curtsinger. Finding neither, the state incurred the expense of transporting Ms. Curtsinger and her children from Nevada to Florida to attend Mr. Davis’ trial. Based on these facts, the trial court determined that it was appropriate to assess the travel costs of Ms. Curtsinger’s children against Mr. Davis. In the specific circumstances of this case, we hold that the trial court did not err by assessing the travel costs of the children of a critical prosecution witness as a cost of prosecution.
 

 Next, Mr. Davis contends that the state should not be permitted to recover the costs of prosecution associated with the mistrial because the mistrial was caused by judicial error. It is well settled that “a court lacks the power to impose costs in a criminal case unless specifically authorized by statute.”
 
 Williams v. State,
 
 596 So.2d 758, 758 (Fla. 2d DCA 1992). Section 938.27(1), Florida Statutes, allows for costs of prosecution to be assessed against a convicted defendant. Accordingly, we must determine whether costs of prosecution are limited to a single trial. Courts in other jurisdictions have held that a criminal prosecution begins with the filing of the information and continues until a final judgment is entered, even if multiple trials are required.
 
 Nicholson v. State,
 
 24 Wyo. 347, 157 P. 1013, 1016 (1916);
 
 of. State v. Buchanan,
 
 78 Wash.App. 648, 898 P.2d 862, 864 (1995) (noting that “a trial following a mistrial in the same cause is merely a continuation of the first trial and the ongoing prosecution” and that “[i]n such circumstances, the costs of the mistrial are part of the prosecution of the defendant”);
 
 State v. Myers,
 
 216 W.Va. 120, 602 S.E.2d 796, 802-03 (2004) (relying in part on the reasoning of
 
 Buchanan,
 
 78 Wash.App. 648, 898 P.2d 862 and holding that “a criminal defendant may be assessed jury costs [under a West Virginia Statute] that the state incurred in connection with a criminal proceeding that has been reversed on appeal, so long as the criminal defendant ultimately has been convicted in a reprosecution of the case”).
 

 We find the reasoning in these cases construing similar statutes to be persuasive, and therefore, find that a prosecution commences by either the filing of the indictment or the information.
 
 See
 
 § 775.15(4)(a), (b), Fla. Stat. (2007);
 
 Fleming v. State,
 
 524 So.2d 1146, 1147 (Fla. 1st DCA 1988). Section 938.27(1), Florida Statutes (2007), provides that “convicted
 
 *810
 
 persons” are liable for the “costs of prosecution,” and that the costs “shall be included and entered in the judgment rendered against the convicted person.” The language of section 938.27, Florida Statutes, does not limit the cost of prosecution to a single trial. Instead, it directs that the costs be included and entered in the
 
 judgment
 
 rendered against the
 
 convicted
 
 defendant.
 
 Id.
 
 Furthermore, section 938.27, Florida Statutes, is not punitive, but is compensatory in nature. It was designed to compensate the state for the expenses of prosecution associated with individual violations, not to punish the defendant.
 
 Cf. Mickler v. State,
 
 682 So.2d 607, 609 (Fla. 2d DCA 1996) (noting that juror costs are not recoverable as a cost of prosecution because “they represent expenditures that must be made in order to maintain and operate the judicial system irrespective of specific violations of the law”).
 

 Here, through no error of its own, the state was required to pay twice for the transport of Ms. Curtsinger, a critical prosecution witness, to Florida. We hold that the cost of prosecution associated with the mistrial may properly be recovered by the state, even where the mistrial is caused by judicial error. Accordingly, we affirm the trial court’s order assessing costs for the transport of Ms. Curtsinger for the original trial.
 

 AFFIRMED.
 

 HAWKES, C.J., WETHERELL and ROWE, JJ., concur.