

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30886-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER L. JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Christopher Jones appeals his convictions for second degree assault (domestic violence) and bail jumping, primarily arguing that the court erred in not returning a bench verdict of third or fourth degree assault. We affirm.

FACTS

Mr. Jones fought with Tanya Ponce in the bedroom of her apartment. Neighbors heard her yelling for help and called police around 6:00 a.m. Both Mr. Jones and Ms. Ponce explained to responding officers what had happened.

The couple had been out together the night before and returned to Ms. Ponce's apartment. Both had been drinking, and Ms. Ponce also took a number of prescription medicines; some of those medications can cause balance problems. An argument ensued and Mr. Jones left to return to his own residence.

He returned to Ms. Ponce's apartment early in the morning at her request. The argument, however, resumed immediately, with Ms. Ponce accusing Mr. Jones of being interested in other women. Mr. Jones told police that Ms. Ponce came at him with a pitcher of lemonade and he used his legs to push her away. She hit the nightstand or dresser before falling to the floor, causing bleeding from the back of her head. A medical examination also showed that her ulna was broken.

Charges of second degree assault, failing to register as a sex offender, and bail jumping were filed. At trial, Mr. Jones waived jury. His attorney apologized for not notifying the court earlier that jury would be waived. He told the court that he anticipated his client would be assessed the jury fee if convicted and volunteered to pay the costs because he did not give his client the timely opportunity to decide whether to waive jury.

At trial the neighbors testified to hearing Ms. Ponce shout that she did not want Mr. Jones to hit her or hurt her as well as her call for aid. An officer testified that Mr. Jones told the officer "I did it." Ms. Ponce, however, testified that she could not remember what happened or how she fell and hit the dresser with her head. Mr. Jones testified that he did not kick Ms. Ponce, but that she fell after he "flinched." Officers also testified that Ms. Ponce was unsteady on her feet when they contacted her.

2

A doctor testified that the ulna fracture was commonly referred to as a "night stick fracture" and was a common defensive injury caused by using the arm to block a blow. The doctor, however, could not rule out the fall as a cause of that injury.

The court convicted Mr. Jones of second degree assault and bail jumping; the court found him not guilty of the failure to register allegation. Findings in support of the bench verdict also were entered. The court found that the head laceration and the ulna fracture each amounted to substantial bodily injury. The court also entered findings that the defendant's testimony was not credible, that Mr. Jones did intentionally assault Ms. Ponce, and that he thereby recklessly inflicted substantial bodily injury.

The court imposed a standard range prison sentence for the second degree assault conviction and also assessed jury fees against Mr. Jones. Mr. Jones then timely appealed to this court.

## ANALYSIS

The appeal challenges the sufficiency of the evidence to support the assault conviction as well as the court's decision to assess jury fees against Mr. Jones. The two issues will be addressed in that order.

*Assault Conviction*

The second degree assault charge in this case was filed under a theory of intentional assault recklessly causing injury. RCW 9A.36.021(1)(a). Mr. Jones contends, primarily,

that the evidence did not support the finding that he recklessly caused Ms. Ponce's injuries. He asks that we reduce his conviction to either third or fourth degree assault.[1]

Well settled standards govern review of this argument. The question presented in a challenge to evidentiary sufficiency is whether there was evidence from which the trier of fact could find each element of the offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

A court's bench trial findings are reviewed for substantial evidence, which is defined as "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). All evidence is viewed in the light most favorable to the prevailing party and deference must be given to the fact finder. *Freeburg v. City of Seattle*, 71 Wn. App. 367, 371-72, 859 P.2d 610 (1993). An appellate court may not substitute its view of the evidence for that of the fact finder. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). A trial court's legal determinations are reviewed de novo. *Sunnyside*, 149 Wn.2d at 879-80.

---

[1] In light of our disposition, we do not analyze the request for a lesser degree offense verdict.

Mr. Jones challenges findings of fact 25, 26, and 27, as well as conclusion of law 1. His evidentiary sufficiency challenge is woven into his challenges to finding 27 and conclusion 1. We address first his challenges to findings 25 and 26.

Finding 25 states: "The photos of the scene show that the cup of lemonade referred to by Ms. Ponce was not empty." Mr. Jones argues that this finding is incorrect, contending that he testified to the contrary and that officers saw lemonade on the wall. This finding is part of a series of findings relating to the credibility of Mr. Jones and Ms. Ponce, both of whom testified that she did throw or may have thrown lemonade on Mr. Jones. *See* Clerk's Papers (CP) at 51 (Finding of Fact 19-24).

Conflicting evidence does not mean that a judge's factual finding is in error. It is, after all, the purpose of the findings to resolve conflicts in the evidence. There was testimony that exhibit 21 showed two cups, one of which contained lemonade. The trial judge was free to credit this evidence rather than the contrary testimony from Mr. Jones. The finding, thus, is supported by the evidence.[2]

Finding 26 states: "The defendant would have shoved Ms. Ponce with sufficient force to cause her to have a significant laceration on her head." Mr. Jones argues that none of the evidence specifically addressed the force used to send Ms. Ponce to the floor

---

[2] Appellant did not designate the photographs admitted at trial as exhibits for this appeal. Accordingly, his argument that the "photos of the scene" did not show lemonade must fail where he did not provide the photos for this court's review. *E.g., State v. Rienks*, 46 Wn. App. 537, 544-45, 731 P.2d 1116 (1987).

and emphasizes that she was unsteady on her feet due to the medications. This contention is without merit. The finding simply states the obvious: Mr. Jones shoved Ms. Ponce and she hit the floor. Ergo, he used "sufficient force" to do so. Both Mr. Jones and Ms. Ponce, in their statements to the police, attributed the bleeding cut on Ms. Ponce's head to the fact that she struck the dresser on her way to the floor. Thus, the finding that the force used was sufficient to cause the laceration is amply supported by the evidence. Finding 26 is supported by substantial evidence.

Finding 27 states: "The defendant shoved Ms. Ponce intentionally. That intentional act recklessly inflicted substantial bodily harm." CP at 51. Conclusion 1 similarly states: "The defendant intentionally assaulted Tonya Ponce and thereby recklessly caused her substantial bodily harm." CP at 52. Mr. Jones's specific argument against finding 27 is a contention that it is a legal conclusion rather than a factual finding.

While he is correct that finding 27 substantially parallels legal conclusion 1, that does not mean that finding 27 is not a factual finding. We believe it is. The first sentence of the finding states that the defendant intentionally shoved Ms. Ponce. That is a factual finding of intentional conduct—in other words, the contact between the two was not an accident. The second sentence of the finding then states that the intentional act resulted in "recklessly inflicted substantial bodily harm." This sentence likewise contains several factual determinations—the victim suffered substantial bodily harm, the harm

6

was caused by the intentional shove, and the consequence of the shove was that injuries were inflicted "recklessly."

Although the word "recklessly" has legal connotations in many cases, including this one, it is also a factual determination. Here, it is a determination that Mr. Jones recklessly, rather than intentionally, caused the injuries. In other words, he did not intend to cause the laceration, but his intentional act recklessly caused the injury. This is a factual determination as well as a legal conclusion.

It is not surprising that factual determinations can overlap legal conclusions. Statutes are written in terms of elements that must be established. The facts that prove the elements of the offense also result in a legal conclusion that the elements were proven. Finding 27 is an example of a factual determination that also has a legal consequence and, thus, can also be labeled a conclusion of law. Accordingly, we reject appellant's argument that finding 27 is solely a legal conclusion. It also is a factual determination.

We thus turn to the substantive challenge presented by this appeal. Mr. Jones argues that the evidence does not support the conclusion that he recklessly inflicted injury on Ms. Ponce. Specifically, he contends that there is no evidence that he was aware of the risk of substantial bodily injury from shoving Ms. Ponce.

A person acts recklessly when he "knows of and disregards a substantial risk that a wrongful act may occur and his or her disregard of such substantial risk is a gross deviation from the conduct that a reasonable person would exercise in the same situation."

7

RCW 9A.08.010(1)(c). Recklessness is also established when the defendant acts intentionally or knowingly. RCW 9A.08.010(2).

Mr. Jones's argument is slightly mis-focused. He argues that there is no evidence that he foresaw the injuries Ms. Ponce suffered. However, the definition of recklessness focuses not on the outcome of the actions, but on whether there is a "substantial risk that a *wrongful act* may occur." RCW 9A.08.010(1)(c) (emphasis added). Here, the wrongful act was the fact of injury occurring from shoving Ms. Ponce into the furniture and onto the floor. Shoving someone in such a manner certainly presents a substantial risk of injury.

An illustrative case is *State v. Keend*, 140 Wn. App. 858, 166 P.3d 1268 (2007). There the defendant also was charged with second degree assault for intentionally assaulting another and recklessly injuring him. *Id.* at 863. He had slugged the victim in the face, breaking his jaw. *Id.* The court analyzed the statute and its application to the case, noting three ways in which the statute arguably could apply:

> (1) Keend intended to break the victim's jaw, (2) Keend knew that the victim was particularly vulnerable to a broken jaw if punched in the face, or (3) Keend knew and disregarded the risk of breaking the victim's jaw.

*Id.* at 867.

With respect to the third prong, the court explained how the defendant's conduct fit the statute in the course of rejecting the defendant's argument that a jury could conclude that "a single punch does not create a 'substantial risk' of a broken jaw."

8

*Id.* at 869-70. Quoting from an earlier decision by another division, the *Keend* court concluded that "any reasonable person knows that punching someone in the face could result in a broken jaw" or other injury constituting substantial bodily harm. *Id.* at 870 (citation omitted).

Similarly here, a reasonable person would appreciate that pushing another person's head into a hard object such as a dresser or the floor might cause a laceration to the head. Shoving a person in such a manner might also result in a broken bone in the arm or wrist. Thus, we have no difficulty in concluding that the evidence was sufficient to support the determination that substantial bodily injury is a reasonably foreseeable consequence of shoving an unsteady person into solid furniture or onto the floor.

The evidence supported the bench verdict.

*Jury Fee*

Mr. Jones also argues that the court erred in imposing the jury fee on him.[3] There was no abuse of the court's discretion.

---

[3] Mr. Jones's counsel presented a third argument that noted the judgment and sentence form referenced an exceptional sentence even though one had not been imposed. However, the trial court corrected the error after it was called to its attention. Accordingly, this issue is moot and will not be further addressed here. Mr. Jones filed a Statement of Additional Grounds that raises complaints about the Bail Jumping conviction as well as the Failure to Register charge on which he was acquitted. He presents no cognizable error for this court to address with respect to the Bail Jumping charge, and the acquittal moots his argument concerning the Failure to Register count.

RCW 10.01.160(1) reads in part that a "court may require a defendant to pay costs." In turn, costs can include a jury fee of $250. RCW 10.01.160(2); RCW 10.46.190; RCW 36.18.016(3)(b); *State v. Hathaway*, 161 Wn. App. 634, 652-53, 251 P.3d 253, *review denied*, 172 Wn.2d 1021 (2011). A trial court's decision to impose court costs is reviewed for abuse of discretion. *State v. Moon*, 124 Wn. App. 190, 193, 100 P.3d 357 (2004). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The court had tenable grounds for imposing the jury demand fee. The statute authorizes the court to impose costs on "a defendant" who has been convicted. RCW 10.01.160(1). It does not authorize the imposition of costs on counsel. Here, the jury was not waived until the last moment after jurors had gathered for the trial. The county thus suffered costs from having the jurors present and the trial court had valid grounds for imposing the jury fee.

The fact that defense counsel volunteered to pay the jury demand fee when the jury was waived[4] did not mean that the trial court had to decline to impose the cost on the defendant at sentencing. Counsel may ultimately pay that cost for his client, but that offer did not prevent the trial court from exercising its statutory authority at sentencing.

---

[4] The offer was not repeated at sentencing and counsel did not remind the court of the reason for the late waiver of jury.

No. 30886-3-III
*State v. Jones*

Accordingly, the court did not abuse its discretion when it imposed the jury fee as part of the costs assessed against the defendant.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

11