IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31643-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS TORRES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jesus Torres challenges two aspects of his judgment and sentence, arguing that the trial court exceeded its authority under the facts of his case. The trial court acted within its authority and, therefore, we affirm.

FACTS

Mr. Torres pleaded guilty to one count of possession of methamphetamine and one count of witness tampering on February 19, 2013. A jury was present that day for the anticipated trial. At sentencing two months later, the court imposed a sentence of 24 months' incarceration on the methamphetamine count and 60 months of incarceration on the witness tampering charge. The court also imposed 12 months of community custody on the drug conviction. In addition, the court imposed a $250 jury demand fee for the jury's appearance on February 19.

After imposition of sentence, Mr. Torres appealed to this court.

ANALYSIS

Mr. Torres challenges two conditions of the judgment and sentence. He argues that the court was without authority to impose the term of community custody or to impose the jury demand fee. We address each claim in turn.

*Community Custody*

Mr. Torres argues that the combined term of incarceration and community custody exceeds the statutory maximum sentence. He mistakenly combines the wrong sentences to reach his conclusion.

A sentence includes periods of total or partial confinement, as well as any term of community custody imposed by the court. RCW 9.94A.030(8); RCW 9.94A.505(2)(a)(i), (ii). RCW 9.94A.701(9) provides that the period of community custody "shall be reduced" when the "standard range term of confinement in combination with the term of community custody exceeds the statutory maximum *for the crime* as provided in RCW 9A.20.021." (emphasis added). Both possession of methamphetamine and witness tampering are class C felonies. RCW 9A.72.120(2); RCW 69.50.4013(2). The maximum sentence for a class C felony is five years. RCW 9A.20.021(1)(c).

Seizing upon the command of RCW 9.94A.701(9), Mr. Torres argues that his period of community custody must be eliminated because he was sentenced to the maximum term of 60 months for the witness tampering conviction. However, he was sentenced to only 24 months on the drug conviction in addition to a 12 month period of

2

community custody on that charge. While he was sentenced to a 60-month term of imprisonment on the witness tampering count, there was no community custody attached to that conviction. RCW 9.94A.701(9) is clear that it is the combined periods of incarceration and community custody for "the crime" that must not exceed the statutory maximum. The combined terms for "the crime" of possession of methamphetamine do not exceed the 60-month statutory maximum for that offense.

The trial court had authority to impose the term of community custody.

*Jury Demand Fee*

Mr. Torres next argues that the trial court erred by imposing the jury demand fee because there was no trial.[1] This argument also misses the mark. The fee was imposed because Mr. Torres demanded a jury and one was summoned for his trial. The fact that the jury did not serve is irrelevant.

RCW 10.01.160(1) reads in part that a "court may require a defendant to pay costs." In turn, costs can include a jury fee of $250. RCW 10.01.160(2); RCW 10.46.190; RCW 36.18.016(3)(b); *State v. Hathaway*, 161 Wn. App. 634, 652-53, 251 P.3d 253, *review denied*, 172 Wn.2d 1021 (2011). A trial court's decision to impose court costs is reviewed for abuse of discretion. *State v. Moon*, 124 Wn. App. 190, 193, 100 P.3d 357

---

[1] Pro se, Mr. Torres submitted a Statement of Additional Grounds that alleges his trial counsel did not represent him competently. However, the statement does not explain how the alleged defect effected his guilty plea to these charges. We therefore will not consider it further. RAP 10.10(c).

No. 31643-2-III
*State v. Torres*

(2004). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The court had tenable grounds for imposing the jury demand fee. The jury had appeared for trial before Mr. Torres decided he would no longer utilize its services. The expense to the county of summoning the jurors for the trial had already occurred. While the decision to forego the trial undoubtedly saved the county some money, it had already incurred the expenses for summonsing the jurors and paying their appearance and travel costs. Since the costs had been incurred, the court had tenable grounds for imposing the jury demand fee. There was no abuse of discretion.

The convictions and sentence are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

4