[No. 15400-5-II.    Division Two.    February 23, 1994.]

THE STATE OF WASHINGTON, *Petitioner*, v. TERRY
ROBERTS, *Respondent*.

*Patrick D. Sutherland, Prosecuting Attorney,* and *George A. Steele, Deputy,* for petitioner.
*Terry Roberts,* pro se.

MORGAN, C.J. — The District Court fined Terry Roberts, an attorney, $20 for speeding. The Superior Court reversed. We now reverse the Superior Court.

On May 18, 1990, Roberts was driving on Highway 101 in Thurston County when he went past Trooper David Knies of the Washington State Patrol. Knies was clocking traffic with a radar gun, and the gun showed Roberts' speed as 69 m.p.h. Knies stopped Roberts and issued a citation for driving 65 plus in a 55 m.p.h. zone.

On November 9, 1990, a hearing was held in the Thurston County District Court. *See* IRLJ 2.4(b)(2).[1] The only witnesses were Knies and Roberts. Without objection from Roberts, Knies testified that his radar gun had clocked Roberts at 69 m.p.h. Roberts testified he had been driving 54 to 56 m.p.h.

Before closing arguments, Roberts moved to dismiss.[2] He argued that the court could not use Knies' testimony, because the State had not proved "that the [radar] device that was used to detect the speed is so constructed and designed to be able to determine speed."[3] Roberts said there

---

[1] The Justice Court Traffic Infraction Rules (JTIR's) were in effect at the time of the hearing in this case. On September 1, 1992, they were superseded by the Infraction Rules for Courts of Limited Jurisdiction (IRLJ's). IRLJ 6.4, 6.5. The change was merely one of title, and the rules essentially remained the same. We elect to refer to the rules by their current IRLJ designation.

[2] Roberts made his primary motion at the end of the State's case in chief. However, the State does not argue that Roberts failed to renew his motion at the close of all the evidence, and he appears to have reiterated its substance during his closing argument. Thus, we treat his motion as if it had been made both at the end of the State's case and at the end of all the evidence.

[3] Clerk's Papers, at 80.

was no other evidence of excessive speed, and thus he was entitled to a dismissal.

The District Court denied the motion. Relying on IRLJ 6.6(b), it held that Roberts was required to demand the allegedly missing proof at least 7 days before trial, and that he had failed to do so.[4] Relying on IRLJ 6.6(c), it offered to grant a continuance, and to require that the State produce the allegedly missing proof when trial reconvened.[5] Roberts declined, saying he wished to "expedite" the matter.

After closing arguments, the District Court found that Roberts had been speeding as alleged. It imposed a $20 fine.

Roberts appealed to the Thurston County Superior Court. *See* IRLJ 5.1. Under the applicable rules, that court was empowered to determine whether the District Court had committed errors of law, and to ascertain whether the District Court's factual determinations were supported by substantial evidence. IRLJ 5.2; CRLJ 72; RALJ 9.1(a), (b). The Superior Court did not take new evidence or retry the facts.[6] After hearing argument, it held that the District Court had "erred in giving any weight to the evidence concerning the speed measuring device (radar) because the proper foundation . . . had not been made at any time during the hearing."[7] It further held that Roberts had not waived the error when he failed to object to admission of the trooper's testimony,

---

[4]IRLJ 6.6(b) provides in part:

"(b) **Certificate; Form.** In the absence of a request to produce an electronic speed measuring device (SMD) expert made at least 7 days prior to trial or such lesser time as the court deems proper, a certificate in substantially the following form is admissible in lieu of an expert witness in any court proceeding in which the design and construction of an electronic speed measuring device (SMD) is an issue . . .."

[5]IRLJ 6.6(c) states:

"(c) **Continuance.** The court at the time of the formal hearing shall hear testimony concerning the infraction and, if necessary, may continue the proceeding for the purpose of obtaining evidence concerning an electronic speed measuring device and the certification thereof. If, at the time it is supplied, the evidence is insufficient, a motion to suppress the readings of such device shall be granted."

[6]Clerk's Papers, at 119, 121-23.

[7]Clerk's Papers, at 122-23.

and that Roberts had timely raised the error by means of his motion to dismiss. It concluded that "[t]he remaining evidence, which consisted of testimony of a brief visual observation of the motor vehicle, does not constitute substantial evidence upon which the finding of an infraction can be based".[8] It reversed, remanded with instructions to dismiss, and awarded Roberts his costs in the amount of $288.75.

The State then sought discretionary review, which was granted by a commissioner of this court. Roberts again contends that the State was required to authenticate evidence from Knies' radar gun; that it failed to do so; and that the District Court was therefore required to dismiss the citation. The State contends that the District Court acted properly, and that the Superior Court erred by overturning it.

The law of evidence requires that we distinguish between admissibility and sufficiency. Thus, we separately discuss two questions: (1) Was the radar gun evidence admissible, and (2) was all the evidence sufficient to support the District Court's judgment?

## I

The question of admissibility subdivides into two further questions. (1) Was authentication required, and (2) if so, what kind of evidence was needed to authenticate? The first question is controlled by the usual Rules of Evidence. IRLJ 3.3(c).[9] The second is controlled by IRLJ 6.6(b).[10] Because the first question is dispositive, we need not reach the second.

■ Generally, evidence from a process or system must be authenticated before admission. ER 901 states in pertinent part:

---

[8]Clerk's Papers, at 123.

[9]IRLJ 3.3(c) states: "The Rules of Evidence shall apply to contested [traffic infraction] hearings."

[10]IRLJ 6.6(b) provides that when authentication is required, it can be accomplished by a written certificate unless expert testimony has been demanded before trial. See footnote 4.

(a) **General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(9) *Process or System.* Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result.

ER 901 requires that evidence from a radar gun be authenticated. *Seattle v. Peterson,* 39 Wn. App. 524, 693 P.2d 757 (1985); 5 Karl B. Tegland, Wash. Prac., *Evidence* § 102, at 333 (3d ed. 1989); 5B Karl B. Tegland § 451, at 305 (3d ed. 1989); *cf. Bellevue v. Mociulski,* 51 Wn. App. 855, 860, 756 P.2d 1320 (written certificate found adequate to authenticate), *review denied,* 111 Wn.2d 1019 (1988).

■ Notwithstanding ER 901, evidence from a process or system need not be authenticated when the opponent fails to make a proper authentication objection. ER 103 provides in pertinent part:

(a) **Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike is made, stating the specific ground of the objection, if the specific ground was not apparent from the context;

Thus, the requirement of authentication is waived when the opponent fails to object on authentication grounds. *Seattle v. Bryan,* 53 Wn.2d 321, 324, 333 P.2d 680 (1958);[11] *State v. Trader,* 54 Wn. App. 479, 484-85, 774 P.2d 522, *review denied,* 113 Wn.2d 1027 (1989); *State v. Hancock,* 44 Wn. App. 297, 303, 721 P.2d 1006 (1986); *United States v. Rivera-Cintron,* 29 M.J. 757, 759 (A.C.M.R. 1989) ("Failure

---

[11]In *Bryan,* a prerules DWI prosecution, a police officer orally related the results of a breath test without objection. The Supreme Court held that "[t]he defendant waived any possible error in admitting the testimony of the officer by failing to raise any objection until after the city had rested." 53 Wn.2d at 324.

to object to evidence on grounds of lack of authentication or of identification waives the objection"), *review denied*, 31 M.J. 403 (C.M.A. 1990); *Beckman v. Carson*, 372 N.W.2d 203, 209 (Iowa 1985).

Here, the State would have been required to authenticate the radar gun results if Roberts had made a timely authentication objection.[12] Roberts, however, never made such an objection.[13] As a result, the requirement of authentication was waived, and the District Court did not err by admitting the radar gun results into evidence. 5 Karl B. Tegland, *Evidence* § 10(1), at 25 (3d ed. 1989).

## II

Although Roberts waived his objection to *admissibility* of the radar gun results, he did not waive his right to challenge the *sufficiency* of all the evidence by means of a motion to dismiss. Thus, he was entitled to make his motion to dismiss when he did.

In evaluating Roberts' motion to dismiss, the District Court was required to consider, in the light most favorable to the State, all evidence properly admitted during the evidential phases of the case. *Porter v. Sadri*, 38 Wn. App. 174, 175, 685 P.2d 612, *review denied*, 102 Wn.2d 1021 (1984). Such evidence included the radar gun results, for evidence admitted without objection is properly before the trier of fact. *Peeples v. Port of Bellingham*, 93 Wn.2d 766, 774, 613 P.2d 1128 (1980); *Beam v. Beam*, 18 Wn. App. 444, 450, 569 P.2d 719 (1977), *review denied*, 90 Wn.2d 1001 (1978); 5 Karl B. Tegland, *Evidence* § 10(1), at 25 (3d ed. 1989). Viewed as a whole, the evidence admitted during the evidential phases of the case was sufficient to support a finding of 65-plus in 55 m.p.h. zone, and the District Court did not err by denying Roberts' motion to dismiss.

---

[12]This is not meant to imply that the State could or could not have sought a continuance under IRLJ 6.6(c). See footnote 5.

[13]Nor did Roberts ever make a motion to strike. His only motion was to dismiss the entire case.

The judgment of the Superior Court is reversed and the judgment of the District Court is reinstated. The matter is remanded for further proceedings. Neither party shall recover costs on appeal.[14]

ALEXANDER and SEINFELD, JJ., concur.

Reconsideration denied March 25, 1994.

Review denied at 124 Wn.2d 1022 (1994).

---

[14]We reject Roberts' argument based on ER 104. That rule may not apply to questions concerning authentication. *See* ER 901(a) (requirement of authentication "satisfied by evidence sufficient to support a finding"). Even assuming it does, it plays no role here, for the District Court was never asked to decide a question of preliminary fact.