[No. 34261-8-II. Division Two. April 1, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW L. MAGEE, *Petitioner*.

*Andrew L. Magee*, pro se.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Hyer, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — Following a civil infraction hearing, the district court found that Andrew L. Magee committed second degree negligent driving. On appeal, Magee challenges the trial court's reliance on a portion of the trooper's testimony that relayed nontestifying motorists' telephonic reports that they had seen a car driving the wrong way on State Route (SR) 512, the sufficiency of the evidence, and the district court's failure to defer findings with costs. Because there was sufficient evidence showing Magee committed the infraction, we affirm.

## FACTS

¶2 On April 9, 2005, Kenneth Hershey called Magee and asked him for help jump starting Hershey's car, which was

parked on the shoulder of the on ramp to SR 512 in Puyallup, Washington. Following motorists' reports of seeing a car driving the wrong way on the freeway, Washington State Trooper D.D. Randall was dispatched to SR 512, between Benston Drive and East Pioneer Avenue. At the scene, Randall found Magee's car parked on the shoulder of the road; the car was facing the opposite direction of oncoming traffic and was parked "nose-to-nose" with his friend Hershey's car. Clerk's Papers (CP) at 28. Randall cited Magee for second degree negligent driving pursuant to RCW 46.61.525.[1]

¶3 Magee contested the traffic infraction and requested a hearing. At the hearing,[2] Trooper Randall testified that she did not witness Magee drive in the wrong direction on the highway but that she had observed Magee's car parked on the shoulder facing the wrong way.

¶4 Hershey testified that he was with Magee before Trooper Randall arrived and that he did not see Magee drive the wrong way on SR 512. Magee testified that he did not drive against traffic on SR 512 and that he did not cross the oncoming lanes of SR 512. However, Magee also testified that when he crossed the oncoming lanes of traffic for the *onramp* to SR 512, he made sure to signal before

---

[1] RCW 46.61.525 provides:

(1)(a) A person is guilty of negligent driving in the second degree if, under circumstances not constituting negligent driving in the first degree, he or she operates a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property.

(b) It is an affirmative defense to negligent driving in the second degree that must be proved by the defendant by a preponderance of the evidence, that the driver was operating the motor vehicle on private property with the consent of the owner in a manner consistent with the owner's consent.

(c) Negligent driving in the second degree is a traffic infraction and is subject to a penalty of two hundred fifty dollars.

(2) For the purposes of this section, "negligent" means the failure to exercise ordinary care, and is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do something that a reasonably careful person would do under the same or similar circumstances.

[2] District courts may preside over traffic infraction hearings without a prosecutor's presence. *City of Bellevue v. Hellenthal,* 144 Wn.2d 425, 434-35, 28 P.3d 744 (2001).

pulling into the oncoming lanes and signaled again when he drove a short distance (the wrong way) to the shoulder and parked facing Hershey's car, which was parked in the same direction with the flow of traffic.

¶5 The district court[3] found that Magee committed second degree negligent driving because the position of his car was such that "unless [Magee's car was] airlifted, [Magee was] going the opposite direction of . . . the natural flow of traffic." CP at 32. The district court further found that it was not relevant whether Magee was driving on the shoulder or the paved highway because driving the wrong way "endangers people. Reasonably prudent persons . . . don't drive the wrong way, even on an onramp." CP at 32. Pursuant to RALJ 2.4, Magee appealed to the superior court. RCW 46.63.040(1).

¶6 The superior court affirmed the district court's ruling, holding that there was sufficient evidence to support the district court's finding that Magee committed the infraction. It further held that there were no due process or discovery violations. We granted Magee's motion for discretionary review.

## ANALYSIS

HEARSAY

■ ■ ¶7 Magee asserts that, in finding that he had committed second degree negligent driving, the trial court improperly relied on Trooper Randall's testimony relating telephonic reports from motorists who reported having seen a car driving the wrong way on SR 512. Magee argues that this testimony was hearsay and could not be considered for the truth of the matter asserted: that he was driving the wrong way on the freeway. We agree. Randall's testimony regarding motorists' reports was hearsay, and the trial court erred when it denied Magee's timely hearsay objections. ER

---

[3] The Washington Legislature established limited jurisdiction courts to hear and determine violations of law designated as traffic infractions. RCW 46.63.040(1).

801(c), 802; *see State v. Chapin*, 118 Wn.2d 681, 685-86, 826 P.2d 194 (1992) (hearsay is inadmissible in criminal cases unless an exception applies); *Marsh-McLennan Bldg., Inc. v. Clapp*, 96 Wn. App. 636, 641, 980 P.2d 311 (1999) (hearsay is inadmissible in civil cases unless an exception applies).

██ ¶8 The rules of evidence apply to traffic infraction cases. ER 1101(a) provides, "[e]xcept as otherwise provided in section (c), these rules apply to all actions and proceedings in the courts of the state of Washington." Moreover, IRLJ 3.3(c) provides that "[t]he Rules of Evidence and statutes that relate to evidence in infraction cases shall apply to contested hearings." The hearing in Magee's case was a contested hearing and, thus, the rules of evidence applied.

 ¶9 But an error in admitting evidence does not require reversal unless it prejudices the defendant. *Brown v. Spokane County Fire Prot. Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983). The improper admission of evidence is harmless error if the evidence is of minor significance in reference to the overall, overwhelming evidence as a whole. *Thieu Lenh Nghiem v. State*, 73 Wn. App. 405, 413, 869 P.2d 1086 (1994). Where the error arises from a violation of an evidentiary rule, that error is not prejudicial unless, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred. *State v. Halstien*, 122 Wn.2d 109, 127, 857 P.2d 270 (1993).

¶10 In this case, Magee objected several times to the trooper's testimony about the witnesses' reports to the 911 dispatcher that they had seen a car driving the wrong way on SR 512. A review of the record shows that the trooper's testimony was intertwined with and heavily relied on this inadmissible hearsay evidence to which Magee timely objected.[4]

---

[4] The statements were made during 911 calls and relayed to the trooper by the dispatcher. The statements were relevant and admissible to explain why the

■ ¶11 However, Magee testified at the hearing. In his testimony, Magee admitted that he briefly drove against traffic to turn his car around but that he used his signals when he did so.[5] Thus, although the trial court improperly admitted the trooper's testimony relating hearsay reports of other motorists as evidence that Magee drove the wrong way on the freeway, Magee's in-court admission rendered the error harmless. *Nghiem*, 73 Wn. App. at 413.

SUFFICIENCY OF THE EVIDENCE

¶12 Magee next argues that (1) Trooper Randall did not have the authority to issue a citation because the infraction was not committed in the trooper's presence and (2) the trooper unlawfully detained him for a traffic violation because the trooper did not see him commit the violation. Magee is essentially arguing that there was insufficient direct evidence from the fact that his car was parked on the shoulder of SR 512 facing the wrong way to find that he committed second degree negligent driving.

■ ■ ¶13 Second degree negligent driving is a traffic infraction and not a criminal offense. *State v. Farr-Lenzini*, 93 Wn. App. 453, 467, 970 P.2d 313 (1999). Accordingly, the trial court must find that a preponderance of the evidence supports the conclusion that the defendant committed the

---

trooper went to where Magee's and Hershey's cars were located but not for the truth of the matter asserted: that Magee was driving the wrong way on the freeway. The trial court did not admit the statements under an exception to the hearsay rule, such as an excited utterance, ER 803(a)(2), or present sense impression, ER 803(a)(1). Accordingly, the statements were hearsay to which Magee properly objected. Because they are not substantive evidence, we do not consider them in evaluating Magee's challenge to the sufficiency of the evidence.

[5] Magee specifically testified that

[Hershey] had called me and [his car] wouldn't start so I did pull in front of him to give him a jump-start. At all times when I came back into the lane of the onramp, I did signal to go into the ramp and then onto that lane, and then did signal to pull over, and at all time[s] I did have my flashers on.

CP at 31.

charged infraction. RCW 46.63.060(2)(f);[6] *Farr-Lenzini*, 93 Wn. App. at 467. A person commits the infraction of second degree negligent driving when he "operates a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property." RCW 46.61.525(1)(a).

¶14 "Negligence" is defined to mean "the failure to exercise ordinary care, and is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do something that a reasonably careful person would do under the same or similar circumstances." RCW 46.61.525(2).

¶15 Evidence of the infraction is sufficient if, viewed in the light most favorable to the State and making all reasonable inferences therefrom, it permitted the trier of fact to find by a preponderance of the evidence that Magee drove negligently. IRLJ 3.3(d), 5.2; *Farr-Lenzini*, 93 Wn. App. at 467; *State v. Roberts*, 73 Wn. App. 141, 143-44, 867 P.2d 697, *review denied*, 124 Wn.2d 1022 (1994). Circumstantial evidence is no less reliable than direct evidence. *State v. Myers*, 133 Wn.2d 26, 38, 941 P.2d 1102 (1997). Credibility determinations are for the trier of fact and are not subject to review. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

¶16 Here, Trooper Randall saw Magee's car parked facing the opposite direction of the natural flow of traffic. The district court noted that unless Magee's car was airlifted, this circumstantial evidence established that Magee had to be driving the wrong way to get his car in that position. In finding that Magee had committed the infraction of second degree negligent driving, the district court concluded that driving the wrong way, "even on an onramp," endangered people; that reasonably prudent people do not drive thewrong way on the highway or the on

---

[6] RCW 46.63.060(2)(f) provides:

A statement that at any hearing to contest the determination the state has the burden of proving, by a preponderance of the evidence, that the infraction was committed; and that the person may subpoena witnesses including the officer who issued the notice of infraction.

ramp; and that it would have been more helpful for Magee to call a tow truck to help Hershey. CP at 32.

¶17 As discussed above, standing alone, Magee's testimony was sufficient to support the district court's finding that Magee drove against traffic and, thus, operated his car "in a manner that is both negligent and endangers or is likely to endanger any person or property." RCW 46.61-.525(1)(a). His argument to the contrary fails.

ALTERNATIVE OR DEFERRED FINDING WITH COSTS

¶18 Magee next argues that he was denied procedural due process because the district court did not review his case to determine his eligibility for a dismissal with costs or a deferred finding.

¶19 In this case, the district court mailed Magee a letter outlining the procedure for contesting the citation and advised Magee that he had various options including a hearing in person, by mail, or *dismissal with costs* and *a deferral of the finding that he committed the infraction.* During oral argument, this court asked that the parties provide citation to authority granting any court the ability to defer a finding while at the same time requiring the defendant to pay costs. They cited none.

¶20 After we filed this opinion, however, we discovered that, although the legislature clearly restated its disapproval of this practice in criminal prosecutions,[7] it did not repeal RCW 46.63.070, which allows the trial court adjudicating a civil infraction to employ such procedure. RCW 46.63.070 provides in relevant part:

> [I]n hearings conducted pursuant to subsections (3) and (4) of this section, the court may defer findings, or in a hearing to explain mitigating circumstances may defer entry of its order,

---

[7] The legislature recently amended former RCW 10.01.160(1) (2005) but did not alter the law that costs may be imposed only upon a convicted defendant.

> The court may require a defendant to pay costs. *Costs may be imposed only upon a convicted defendant,* except for costs imposed upon a defendant's entry into a deferred prosecution program, costs imposed upon a defendant for pretrial supervision, or costs imposed upon a defendant for preparing and serving a warrant for failure to appear.

LAWS OF 2007, ch. 367, § 3 (effective date July 22, 2007) (first emphasis added).

for up to one year and impose conditions upon the defendant the court deems appropriate. Upon deferring findings, the court may assess costs as the court deems appropriate for administrative processing. If at the end of the deferral period the defendant has met all conditions and has not been determined to have committed another traffic infraction, the court may dismiss the infraction.

RCW 46.63.070(5)(a). Thus, the legislature has apparently determined that, in a criminal case, a trial court has the authority to impose costs on a *convicted* defendant only. *State v. Buchanan*, 78 Wn. App. 648, 651, 898 P.2d 862 (1995). Under former RCW 10.01.160(1) (2005), "[c]osts may be imposed *only upon a convicted* defendant." (Emphasis added.) *See* RCW 10.01.050 ("No person charged with any offense against the law shall be punished for such offense, unless he shall have been duly and legally convicted thereof in a court having competent jurisdiction of the case and of the person."). And a court may not defer a finding on condition that a criminal defendant pay costs it has no authority to impose. But when the charge at issue is a civil infraction, under RCW 46.61.525(1)(c), a trial court may defer a finding and impose conditions on an alleged violator including payment of costs.[8]

¶21 Notwithstanding Magee's argument to the contrary, even RCW 46.63.070 does not *require* that a trial court defer a finding, it merely gives the court discretion to do so when adjudicating liability on an infraction. The possibility of a deferred finding is but one option the infraction court may entertain and, like probation in a criminal case, the existence of the possibility of leniency does not create a right in the defendant to such treatment. *See State v. Davis*, 43 Wn. App. 832, 835, 720 P.2d 454 ("Probation is a matter of grace, privilege or clemency granted to the deserving and

---

[8] RCW 46.63.070, allowing deferral of a finding for a fee, apparently reflects a legislative policy decision allowing such practice in adjudicating civil infractions, chapter 46.61 RCW, while prohibiting it in adjudicating criminal charges, RCW 10.01.050. *See State v. Smith*, 93 Wn.2d 329, 339, 610 P.2d 869 (a reviewing court cannot substitute its judgment for that of the legislature), *cert. denied*, 449 U.S. 873 (1980).

withheld from the undeserving within the discretion of the trial judge." (citing *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972); *State v. Murray*, 28 Wn. App. 897, 900, 627 P.2d 115, *review denied*, 95 Wn.2d 1029 (1981))), *review denied*, 106 Wn.2d 1017 (1986). Accordingly, Magee was not denied due process by the trial court's decision to enter a finding rather than deferring it.

¶22 And because Magee's testimony is sufficient to support the district court's ruling that he "committed" the infraction of second degree negligent driving, we affirm.

HOUGHTON, C.J., and PENOYAR, J., concur.

Review granted at 165 Wn.2d 1007 (2008).