[No. 25748-7-III.   Division Three.   April 24, 2008.]

THE STATE OF WASHINGTON, *Respondent,* v. BERTHA IOLA BASHAW, *Appellant.*

*David N. Gasch* (of *Gasch Law Office*), for appellant.

*Michael G. Sandona, Prosecuting Attorney,* and *Gina A. Tveit, Deputy,* for respondent.

¶1 KORSMO, J. — A jury convicted Bertha Bashaw of three counts of delivery of a controlled substance—methamphetamine—and unanimously found that the offenses occurred within 1,000 feet of a school bus stop. She appeals the convictions, contending that the court erred in permitting testimony based on a measuring wheel and that the school zone enhancement instruction erroneously required jury unanimity to answer "No." Concluding there was no abuse of discretion in the evidentiary ruling and no error in the instruction, we affirm.

¶2 The jury heard and apparently accepted the testimony of a confidential informant that he three times purchased methamphetamine from Ms. Bashaw at locations on or near the old Vaagen Mill property outside Republic. A school bus stop is located near the weigh station at the site. A detective testified that he used a rolling wheel measuring device to calculate the distance from the bus stop to the three transaction locations. Two were within 100 to 150 feet of the stop; the other was 924 feet.

¶3 Defense counsel raised a foundation objection to the detective's testimony. The detective explained that he borrowed the measuring device from the city police chief and it was similar to one he had used in the past. He did not believe there was any certification process for the measuring wheel, which was a device law enforcement regularly used to measure distances. The trial court overruled the objection, determining that the lack of certification went to the weight to be given the evidence rather than its admissibility.

¶4 The trial court also instructed the jury, pursuant to 11 *Washington Practice: Washington Pattern Jury Instruc-*

*tions: Criminal* 50.60, at 666 (2d ed. 1994) (WPIC), that it had to be unanimous to return a verdict of either "Yes" or "No" on the special interrogatories that asked whether the offenses occurred within 1,000 feet of a school bus stop. There was no objection to the instruction.

¶5 The jury found Ms. Bashaw guilty on all three counts. The jury also unanimously found that each offense occurred within 1,000 feet of the school bus stop. The trial court polled the jury at defense request. The polling confirmed the written verdicts. After receiving standard range concurrent sentences of 36 months, Ms. Bashaw appealed to this court.

### Evidentiary Ruling

¶6 The decision to admit or exclude evidence at trial is reviewed for manifest abuse of discretion. *State v. Wittenbarger,* 124 Wn.2d 467, 490, 880 P.2d 517 (1994); *Boyd v. Kulczyk,* 115 Wn. App. 411, 416, 63 P.3d 156 (2003). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

¶7 The trial judge reasoned that the measuring wheel was ordinarily used in police business and the detective was experienced in using the device, so lack of any certification went to the weight to be given the evidence rather than its admissibility. We agree.

¶8 Appellant contends, as she did at trial, that certification of the device was required before a foundation was established. She has provided no relevant authority requiring certification of measuring devices, and we have found none. Appellant has not indicated who certifies such devices, nor shown any statute or regulation requiring such. Her claim that the machine is not certified was an argument for the jury to consider. It was not a foundational bar to admission of the testimony.

¶9 ER 901 governs the admission of measuring devices. *State v. Roberts,* 73 Wn. App. 141, 144-145, 867 P.2d 697,

*review denied,* 124 Wn.2d 1022 (1994). ER 901(a) states the basic rule: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." By way of illustration, ER 901(b)(9) shows one way of establishing foundation: "Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result." The detective testified here that he was familiar with the type of device and that police routinely used them for measuring distances during investigations. That testimony satisfies the basic requirement of ER 901(a) that a proponent establish that an item is what it is claimed to be. While perhaps more testimony could have been elicited concerning the accuracy of the measurements, we cannot say that the trial court abused its discretion in finding that a proper foundation had been established. The examples in ER 901(b) are illustrative rather than mandatory.

¶10 The trial court did not abuse its considerable discretion. Appellant's challenges went to the weight to be given the evidence rather than its admissibility.

*Instruction*

¶11 Appellant also argues that the enhancement instruction used in this case, and by implication the pattern instruction, are erroneous in requiring unanimity to answer the special interrogatory. She claims that *State v. Goldberg,* 149 Wn.2d 888, 72 P.3d 1083 (2003), compels a different result. We do not believe it does. However, even if that case bears her reading, she was not harmed by the instruction. The polling confirmed that the jury's verdict was unanimous.

¶12 The *Goldberg* court noted that "Washington requires unanimous jury verdicts in criminal cases." *Id.* at 892-893 (citing *State v. Stephens,* 93 Wn.2d 186, 190, 607 P.2d 304 (1980)). That policy is reflected in the standard verdict forms used in criminal cases. If the jury unanimously

agrees that the case was not proved beyond a reasonable doubt, the jury is instructed to return a verdict of "Not Guilty." If the jury is unanimously convinced of guilt beyond a reasonable doubt, it is told to return a "Guilty" verdict. *See, e.g.,* 11A WPIC 180.01, *supra,* at 398 (2d ed. 1994). A Washington jury typically is not told what to do if it is unable to agree.[1]

¶13 In *Goldberg,* an aggravated murder prosecution, the jury had been directed to answer whether or not a statutory aggravating factor under chapter 10.95 RCW had been proved. The jury was instructed:

> In order to answer the special verdict form "yes," you must *unanimously* be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you have a reasonable doubt as to the question, you must answer "no."

149 Wn.2d at 893. In its emphasis on the word "unanimous," the *Goldberg* court appeared to say that the specific language of the special verdict form used there did not appear to require unanimity to return a negative finding. The court was even clearer in stating later that "under instruction 16, unanimity is not required in order for the verdict to be final." *Id.* at 894. Other language in the *Goldberg* opinion appears to require unanimity on special verdicts. As noted previously, the opinion states that unanimity is required in criminal cases. *Id.* at 892-893.

¶14 Unlike *Goldberg,* the instruction used in this case carried an additional sentence of import. The jury was expressly told, "Since this is a criminal case, all twelve of you must agree on the answer to the special verdict." Appellant contends that this portion of the instruction is error. She argues that *Goldberg* requires a negative finding

---

[1] One exception to the rule involves jury consideration of lesser included or lesser degree offenses. In that circumstance, in order to implement *State v. Labanowski,* 117 Wn.2d 405, 816 P.2d 26 (1991), the concluding instructions expressly instruct the jury that lesser offenses may be considered if there is a failure to agree on the greater charge. *E.g.,* 11A WPIC 180.05, *supra,* at 398; 11A WPIC 180.06, *supra,* at 402. Another exception involves special verdicts used to determine the basis for a conviction in alternative means cases. 11A WPIC 164.00, *supra,* at 280-81 (Supp. 2005).

whenever any juror is not satisfied that the special verdict was not proved beyond a reasonable doubt.

¶15 While the *Goldberg* opinion focused on the specific instruction used at trial, that instruction in turn was based on the pattern instruction found in former WPIC 160.00 (11A WPIC 160.00, *supra*, at 395). In particular, the concluding sentence of the instruction used in *Goldberg,* quoted above, is taken directly from the pattern instruction. *See id. Goldberg* never addressed the pattern instructions. Thus, the authors of the *Washington Pattern Jury Instructions: Criminal* subsequently wrote a special comment and alternative language for WPIC 160.00 in light of *Goldberg*. They noted that the opinion could be interpreted expansively or narrowly and tailored alternatives for the pattern instruction accordingly. The particular emphasis of the comment was on whether the court truly intended to do away with the unanimity requirement on all special verdicts. *See* 11A WPIC 160.00, *supra,* at 274-276 (Supp. 2005).

¶16 We do not believe that the court intended to hold that special verdicts were to have unanimity requirements different from general verdicts. There is no discussion in *Goldberg* of the pattern instructions. There is no discussion of special verdicts in general or the policy of permitting one juror to acquit on a special verdict. In short, there is simply no indication that either the pattern instructions or the policy of unanimous special verdicts were at issue in *Goldberg*.

¶17 There also is no discussion of legislative intent on the topic. The Legislature has authorized numerous special findings and sometimes has directed that affirmative findings unanimously be proved beyond a reasonable doubt. *E.g.,* RCW 9.94A.605(2) (manufacturing methamphetamine with child on premises). Nothing in *Goldberg* addresses legislative history or intent in this regard. In short, appellant's construction of *Goldberg* extends the principle of that case beyond what the opinion itself appears to do. We will not extend that opinion to all special verdicts.

¶18 Reading *Goldberg* in such a manner also would put it in conflict with an earlier death penalty case, *State v. Mak,* 105 Wn.2d 692, 757, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986), *overruled on other grounds by State v. Hill,* 123 Wn.2d 641, 645, 870 P.2d 313 (1994). There the Washington Supreme Court approved an instruction, now published as WPIC 31.09, that expressly required unanimity to answer either "Yes" or "No" to the statutory question about the existence of the alleged aggravating factor.[2] *See* 11 WPIC 31.09, *supra,* at 362-363.

¶19 In any respect, Ms. Bashaw has no basis for challenge. The jury was polled, at her request, and unanimity was confirmed. All 12 jurors concurred in the finding that the offenses occurred within 1,000 feet of the school bus stop. Where all 12 affirmed the written finding, there is no basis for believing that telling the jurors that they had to be unanimous to return a negative finding could have harmed appellant.

¶20 The convictions and sentences are affirmed.

SWEENEY and BROWN, JJ., concur.

Review granted at 165 Wn.2d 1002 (2008).

---

[2] The verdict form also expressly permits jurors to return a "no unanimous verdict" and tells jurors what the consequence of such a verdict is. *See* 11 WPIC 31.09.