[No. 81746-4.  En Banc.]
Argued September 22, 2009.    Decided December 3, 2009.

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW L. MAGEE, *Petitioner*.

640

*Andrew L. Magee,* for petitioner.

*Mark E. Lindquist, Prosecuting Attorney,* and *Kathleen Proctor* and *Michelle Hyer, Deputies,* for respondent.

██ ¶1 CHAMBERS, J. — Andrew Magee challenges his traffic infraction for second degree negligent driving. RCW 46.63.030 controls when a law enforcement officer may issue a notice of traffic infraction, including when the offense does not occur in the officer's presence.[1] Given the facts of this case, we hold there was no authority to issue Magee the notice of infraction. We reverse the Court of Appeals and vacate the district court judgment.

## FACTS

¶2 On April 9, 2005, the state patrol dispatched a trooper to State Route (SR) 512 after receiving reports from other drivers that a vehicle was traveling the wrong direction on the highway. When the trooper arrived, she found Magee parked facing the wrong direction on the shoulder of the SR 512 on-ramp, nose to nose with another vehicle. Magee explained that he had been called by a friend whose car had broken down and that he was there to help jump-start the car. In order to more easily facilitate the jump-start, Magee told the trooper that he had turned his car around and pulled in front of his friend's car on the shoulder. There is some dispute, and the record is unclear, as to exactly how Magee maneuvered his car and whether he backed it down the on-ramp or turned it around on the shoulder. But Magee contends he never traveled the wrong direction on the traveled portion of the road. Although the trooper never actually saw Magee driving, she concluded that Magee must have driven against traffic in order to reach his

---

[1] When an offense does not occur within the officer's presence, there are other procedures that may be followed to initiate criminal proceedings against an offender. *See* RCW 46.64.015.

position and issued him a notice of infraction for negligent driving in the second degree. RCW 46.61.525.

¶3 Magee contested the infraction in district court. At the hearing, the trooper admitted she had not witnessed Magee's driving. The district court judge nevertheless found that Magee committed negligent driving in the second degree. The trial judge observed that unless Magee's vehicle was airlifted into position, he must have committed the offense. The judgment was affirmed by the superior court on RALJ appeal. The Court of Appeals also affirmed.[2] *State v. Magee*, 143 Wn. App. 698, 700, 180 P.3d 824 (2008). We accepted review. *State v. Magee*, 165 Wn.2d 1007, 198 P.3d 513 (2008).

## ANALYSIS

¶4 Magee argues that the trooper did not have authority under RCW 46.63.030 to issue the notice of infraction because the alleged offense did not occur in the trooper's presence.[3] A person commits negligent driving in the second degree when "he or she operates a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property." RCW 46.61.525(1)(a). Prosecution for a traffic infraction is "initiated by the issuance, service, and filing of a notice of infraction." IRLJ 2.2(a). "The infraction need not have been committed in the officer's presence, *except as provided by statute*." IRLJ 2.2(b)(1) (emphasis added). A law enforcement officer has statutory authority to issue a notice of a traffic infraction:

---

[2] The Court of Appeals held there was sufficient evidence to find that Magee had been driving negligently but never addressed Magee's contention that the trooper did not have statutory authority to issue the infraction in the first place.

[3] It is debatable whether Magee raised this precise issue on RALJ appeal. He did not cite the statute nor use the word "authority" in his argument, though he did argue that because the offense did not occur within the trooper's presence, there was insufficient evidence to sustain the judgment. Magee did make this precise argument in the Court of Appeals, and the State does not contend that it was not timely raised.

(a) When the infraction is committed in the officer's presence;

(b) When the officer is acting upon the request of a law enforcement officer in whose presence the traffic infraction was committed;

(c) If an officer investigating at the scene of a motor vehicle accident has reasonable cause to believe that the driver of a motor vehicle involved in the accident committed a traffic infraction;

(d) When the infraction is detected through the use of a photo enforcement system under RCW 46.63.160; or

(e) When the infraction is detected through the use of an automated traffic safety camera under RCW 46.63.170.

RCW 46.63.030.

██ ¶5 RCW 46.63.030 plainly requires us to conclude that an officer must either be present when the infraction occurs or meet one of the other statutory circumstances before issuing a ticket. There is no contention subsections (b) through (e) apply in this case. Instead, the State argues that the trooper actually witnessed the citable offense because the negligent behavior was "ongoing."[4] But negligent driving in the second degree is a moving violation. For the infraction to be valid, the movement must have been made in the officer's presence. Magee's driving occurred before the trooper arrived, the trooper never saw Magee operating his vehicle negligently, and none of the other circumstances outlined in RCW 46.63.030 were present. The trooper did not have authority to issue the notice of infraction.

---

[4] The State makes this argument for the first time in this court. The State claims that "the defendant was *still* creating a danger when the trooper arrived at the scene." Suppl. Br. of Resp't at 15. The State may be correct that Magee still posed a danger to other motorists simply by virtue of being parked in the wrong direction. But Magee was cited for a specific infraction: negligent driving in the second degree. That infraction is committed only when the defendant *operates* a vehicle negligently. By the time the trooper arrived, Magee was no longer operating his vehicle. We find the State's argument unpersuasive.

## CONCLUSION

¶6 We reverse the Court of Appeals and vacate the district court judgment.

ALEXANDER, C.J., and C. JOHNSON, SANDERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ, concur.

¶7 MADSEN, J. (concurring) — I agree with the majority that the authority of a law enforcement officer to initiate an infraction case under IRLJ 2.2(b)(1) is limited by RCW 46.63.030, thus compelling the result in this case. I write separately to point out that an infraction may also be initiated by the prosecuting authority, which is not subject to the limitations of RCW 46.63.030.